STATE OF MAINE                                      SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                           DOCKET NO. RE-06-014

COLIN D. WOODFALL,

                Plaintiff

        v.

SEACOAST ASSOCIATES,                                ORDER

                Defendant

        and

CANDACE B. CRAGIN, Trustee of
THE CANDACE B. CRAGIN
REVOCABLE TRUST,

                Party-in-Interest


        This matter comes before the Court on Plaintiff's motion for summary judgment

pursuant to M.R. Civ. P. 56(c).  Following hearing, the Motion is Denied.

                                **BACKGROUND**

        Plaintiff Colin D. Woodfall ("Woodfall") is a resident of Salem, New Hampshire.

Defendant Seacoast Associates ("Seacoast") is a limited partnership in Sanford, Maine.

The named party-in-interest is Candace B. Cragin ("Cragin"), as Trustee of the Candace

B. Cragin Revocable Trust ("the Trust"), which is located in York County, Maine.

According to Woodfall, in November 1988, Strafford Bank initiated a $650,000 loan to

Seacoast, K.B.C. Foods, Inc., Stephen Yankosky, Patrick Cragin, and Woodfall ("the

borrowers"), evidenced by a promissory note.  Woodfall, Yankosky, and Cragin were

all owners of K.B.C., and Woodfall and Yankosky also served as officers of the

company.  K.B.C. operated a restaurant called Woodsky's in Dover, New Hampshire,

and the loan was intended as start up money for Woodsky's. That same month, Seacoast mortgaged two units in the Long Beach Tennis Club as collateral for the note, executing a security agreement.

The note was modified by K.B.C. Foods, Strafford Bank's successor-in-interest, Bank of New Hampshire, and Patrick Cragin, as General Partner of Seacoast, in March 1992. At that time, the outstanding balance was $590,028.21. In November 1993, K.B.C.'s refinancing request was approved, and the new promissory note had a maturity date of November 22, 1994. The note was further modified and/or refinanced in January 1995, April 1997, January 1998, July 1998, and April 2001.

In January 2002, Seacoast was granted a partial release of mortgage, which released the lender's interest in one of the units, Long Beach Tennis Club Condominium, Building 1, Unit D. Also in January, Seacoast mortgaged and substituted Building 2, Unit A at Long Beach as collateral for its renewal note. In July 2002, Seacoast then allegedly conveyed the mortgaged unit to Candace Cragin via quitclaim deed as part of a divorce settlement. The parties disagree about whether this transfer occurred with the consent of the lender. K.B.C. Foods modified the loan agreement in November 2002 to delay payments until the loan reached maturity, and agreed to an 18% interest rate in the event of default. Cragin then conveyed the mortgaged unit to the Trust in May 2003, at which time the borrowers also were in default. The accelerated interest rate increase took effect in August 2003. At that time, Woodfall, who had been an officer and shareholder of K.B.C. Foods, paid the amount owing under the renewal note, and the Bank, in return, assigned the note and 2002 mortgage deed for Building 2, Unit A to him.

Woodfall brought this complaint for foreclosure in February 2006, alleging that Seacoast is in default of its obligations under the 2002 mortgage deed and note for

2

refusal to pay. He alleges that Seacoast defaulted under the mortgage by failing to cure K.B.C. Foods' default within 15 days and also by transferring mortgaged property to Cragin. Woodfall calculates the amount due as of January 2006 as $63,951.61, including the unpaid principal balance, interest, late fees, and attorney's fees. Woodfall asks this Court to declare a breach of condition, determine the amount due, determine the order of priority of any other liens, and issue a judgment of foreclosure. In its answer, the Trust raises the affirmative defenses of failure to state a claim, laches, waiver, statute of limitations, suretyship principles, and breach of fiduciary duty, among others. The Trust also alleges that if the property is foreclosed, it is entitled to contribution. Woodfall now moves for summary judgment. Seacoast opposes the summary judgment motion on the basis that Woodfall seeks unjust enrichment because he was a co-guarantor of the loan.

## DISCUSSION

### 1. Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

3

2. <u>Is Summary Judgment Warranted on the Complaint for Foreclosure?</u>

When a mortgage of first priority has been breached, "the mortgagee or any person claiming under him may proceed for the purpose of foreclosure by a civil action." 14 M.R.S.A. § 6321 (2003). When contract language is ambiguous, interpretation of the language is not for this Court to undertake at the summary judgment stage. *See Kandlis v. Huotari*, 678 A.2d 41, 43 (Me. 1996).

Here, Woodfall points to two respects in which Seacoast breached conditions – failure to cure the default of K.B.C. Foods because Seacoast was the guarantor of the loan, and improper transfer of the mortgaged premises to Candace Cragin. He argues there is no genuine issue of material fact as to the breach of conditions and, therefore, he is entitled to judgment. Seacoast, however, argues that the note for which it was a guarantor is already paid in full, so it has no further obligation with respect to that particular debt.

A threshhold issue is whether Woodfall may recover from Seacoast, which argues that because he was an obligor on the note as well, he is not entitled to relief. Seacoast claims that, if any amount is owed, the most Woodfall could recover is a pro-rated share on a theory of contribution. Woodfall cites *Poulos v. Mendelson* for the proposition that he can sue Seacoast to enforce the guaranty despite formerly being an obligor. 491 A.2d 1172, 1175 (Me. 1985). There, the Law Court held that the plaintiff could sue the defendants by virtue of their "unconditional guaranty contracts." *Id.* As bankruptcy trustee, the assignment of creditors' rights of action had made him the "real party in interest" regardless of whether a note was actually assigned to him. *Id.*

*Poulos*, however, was an ancillary proceeding that was part of a Chapter XI bankruptcy in federal court. *Id.* at 1173. The procedural posture of that case, involving a bankruptcy trustee, differs markedly from the instant case, where problems arose

4

between former business partners over time. Genuine issues of fact remain at this stage regarding the understanding between the parties as to what share of debt each would bare in the event of default on the principal obligation. It is therefore premature for this Court to determine what effect Woodfall's status as a guarantor may have.

Breach of Conditions

Woodfall argues that Seacoast breached the conditions of the 2002 note and mortgage. He voluntarily stepped in to pay off the debt, which was then assigned to him, but Seacoast has pointed to genuine issues of material fact regarding the circumstances following the payoff. For instance, the parties dispute how payments that K.B.C. made after that were allocated against the balance owed. Although Woodfall claims that the payments were applied to late charges, there is no documentation to support this, which bears on the amount, if any, that Seacoast would owe to Woodfall. The record merely contains a ledger listing transactions, dates, amounts, and subsequent balances, but it does not include information about who made the payment or whether it was applied to principal, interest, or both.

The entry will be as follows:

Plaintiff's Motion for Summary Judgment is Denied.


Dated:        March 28, 2007

James J. Shirley, Esq. - PL
Kenneth D. Keating, Esq. - PL
Sean O'Connell, Esq. - DEF
Durward Parkinson, Esq. - PII
Danielle West-Chuhta, Esq. - PII

G. Arthur Brennan
Justice, Superior Court

5