STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                    DOCKET NO. RE-05-81

                                             GAB -YOR-10/3/2007

KEVIN W. YETMAN, et al.,

                    Plaintiffs

v.                                              ORDER

STONERIDGE FARMS, INC., et al.,                  DONALD L. GARBRECHT
                                                     LAW LIBRARY
                    Defendants
                                                    JAN 30 2008

This matter comes before the Court on Plaintiffs Kevin Yetman, Donna Yetman,

Steve Pelletier and Lori Pelletier (collectively the "Plaintiffs") Motion to Strike portions

of Affidavit of Fred and Laura Stone pursuant to M.R. Civ. P. 56(e) and Defendant's

Stoneridge Farms, Inc., Fred Stone, Laura Stone, Clifton E. Temm, II., D.V.M. and Sol

Fedder (collectively the "Defendants") Motion for Summary Judgment pursuant to

M.R. Civ. P. 56 (c).

## BACKGROUND

The case involves a dispute regarding the existence of a public or express

easement over Defendants' property. Plaintiffs and Defendants own parcels of land

situated around Curtis Road in the Town of Arundel, Maine. Plaintiffs own two parcels

and Defendants own a single parcel known as Stoneridge Farm.

Plaintiffs acquired their properties from Eben E. and Irene A. Jones (Plaintiffs

Yetmen's deed is dated 2/4/97; Plaintiffs Pelletier's deed is dated 3/13/95).

Defendants Fred and Laura Stone became the owners of Stoneridge Farm on February

18, 1977. In 1999, Stoneridge Farm was deeded to owners Stoneridge Farm, Inc., Clifton

E. Temm, II., D.V.M, and Sol Fedder. Fred and Laura Stone are Officers and Directors of Stoneridge Farm, Inc.

Plaintiffs claim that a public easement exists across Stoneridge Farm granting them access to their property. This easement exists, they assert, pursuant to 23 M.R.S.A. § 3026, because the critical portion of the Curtis Road was discontinued in 1978, after the effective date of the statute. Alternatively, Plaintiffs argue an express easement was granted in their deeds.[1]

On June 24, 2005, Plaintiffs were sent a written demand to cease crossing over Stoneridge Farm. The Plaintiffs refused. This lawsuit ensued.

Both parties agree that the Curtis Road was established by the Town of Arundel in 1802. In 1954 the town voted to discontinue the road. Defendants claim that the road was discontinued entirely and reverted in fee simple to the owners of the land it crossed. Plaintiffs contend that only a portion of the Curtis Road was discontinued in 1954, while the remainder was discontinued in 1978. That portion, they contend, remains a public way that provides Plaintiffs an easement across Stoneridge Farm to their properties.

## DISCUSSION

### I. Motion for Summary Judgment

#### a. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A

---

[1] This argument appears to have been abandoned in subsequent pleadings.

material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22.

When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### b. Was the Curtis Road Discontinued in its Entirety in 1954?

At issue is whether the Curtis Road was discontinued in its entirety in 1954, or if portions remained public. Both parties agree that the Curtis Road was established in 1802 and that it began near the Kennebunk River and ended at the Cox Hall line. Neither party disputes that, in 1954, a town meeting was held wherein the town discontinued at least a portion of the Curtis Road. Nor does either party dispute that if a road was discontinued prior to the enactment of 23 M.R.S. § 3026 it reverted to private property.

The Defendants assert that the minutes from the 1954 Town Meeting indicate that the entire Curtis Road was discontinued based on an entry in the minutes stating, "Article 24: Voted to close the curtis road." Plaintiffs argue that the 1954 Warrant for that same meeting clearly states in Article 24 that the Town "will vote to close the Curtis Road leading from Downing Road to the former Taylor Place now owned by Arthur Jones." Thus, it is argued, only the portion of the road designated in the warrant was discontinued in 1954. The above facts are not in dispute, thus, as a matter of law, the Court can resolve the issue by way of summary judgment.

3

Under Maine law, a warrant "shall state in distinct articles the business to be acted upon at the meeting. . . [and] . . . [n]o other business may be acted upon." 30-A M.R.S. § 2523(2) (2007). Though technical precision is not required in drafting a warrant, its "sole function . . . is to provide reasonably certain notice of the subject-matter to come before the town meeting." *State v. Town of Franklin*, 489 A.2d 525, 528 (Me. 1985). Thus, subject-matter notice is a requirement under 30-A M.R.S.A. § 2523(2). *Id.* A predecessor statute, largely unchanged, was similarly construed in 1869. *See Austin vs. Inhabitants of York*, 57 Me. 304, 305. In that case, considering Civil War soldier pay, the court held that "[t]he object of the statute is to secure to the inhabitants of the town, previous intelligible notice of the subjects to be acted upon." *Id.*

Maine law supports plaintiffs' argument that only the portion of the road described in the warrant could be voted on at the 1954 town meeting, otherwise subject-matter notice would not have been given to those property owners situated above the "former Taylor Place."

    c. <u>Does That Portion of the Curtis Road Not Discontinued in 1954 Cross Stoneridge Farm Thus Creating a Public Way or Easement?</u>

The actual location of the Curtis Road is disputed and thus cannot be decided by way of summary judgment. Defendants contend that Plaintiffs have not set forth a prima facie case for the elements of their action. However, incorporated by reference to Plaintiffs' statement of material facts is a deposition of Plaintiffs' designated expert, Robert A. Yarumain, a registered land surveyor. (See PSMF ¶ 10). Mr. Yarumain opines that the Curtis Road was discontinued as far as the Old Taylor Farm in 1954 but that the remainder of the Road (to the Irving Road) remained a public way. (See Yarumain Deposition p. 52 attached to PSMF). According to Yarumain, in 1978 the Town voted to discontinue the section of the Curtis Road between the Old Taylor Farm

4

and Mearle Stone's house. The rest remains a public way. Yarumain tracks the Curtis Road above the Old Taylor Farm as passing over Stoneridge Farm. Thus, Plaintiffs have demonstrated that genuine issues of fact remain in dispute

## CONCLUSION

Defendants' Motion for Summary Judgment is Denied. Plaintiffs' Motion for Partial Summary Judgment is Granted.[2] As a matter of law, the language of the warrant controls over the minutes of a town meeting. Consequently, the Court concludes that only the portion of the Curtis Road described to in the 1954 warrant was discontinued. The status and location of the Curtis Road in its entirety are disputed questions of fact that survive summary judgment.

Dated: October 3, 2007

G. Arthur Brennan
Justice, Superior Court

```
Thomas Danylik, Esq. - PLS
Michael O'Toole, Esq. - PLS
Stoneridge Farms, Inc. - DEF (pro se)
Frederick Stone - DEF - (pro se)
Laura Stone - DEF - (pro se)
Sol Fedder - DEF - (pro se)
Clifton E. Temm, II, DVM - DEF - (pro se)
```

---

[2] This motion was incorporated into Plaintiffs' opposition to Defendants' motion for summary judgment.