STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO: RE-07-108
                                                    RAC-CUM-12 /22/2007

TINAMARIE SMITH and
GORDON K. SMITH

                    Plaintiffs,
                                                    **ORDER ON PLAINTIFFS'**
        v.                                          **MOTION FOR SUMMARY**
                                                    **JUDGMENT**

DAVID L. CARMODY and                    JAN 24 2008
ELIZABETH M. CARMODY

                    Defendants.

MAINE BANK AND TRUST COMPANY,

                    Party-in-Interest


This case comes before the Court on Plaintiffs Tinamarie Smith and

Gordon K. Smith's (the "Smiths") Motion for Summary Judgment pursuant to

M.R. Civ. P. 56.

## FACTUAL BACKGROUND

The issue in this case is whether a utility easement, granted for the benefit

of Defendants David and Elizabeth Carmody (the "Carmodys) and Carl and

Gloria Bomhard (the "Bomhards") (Defendants) has been abandoned. The

Smiths filed their complaint against twenty-one defendants and eleven parties in

interest requesting that the Court declare that a certain utility easement had been

extinguished by abandonment and that the Smiths' property was no longer

encumbered by the utility easement.

The Court entered two default judgments against several of the named

parties for failing to answer the complaint. Defendants remaining at the filing of

summary judgment on August 31, 2007 were David and Elizabeth Carmody (the

1

"Carmodys), Carl and Gloria Bomhard (the "Bomhards"), Anne Dunne and David Little. Maine Bank and Trust Company was the sole party in interest who answered the complaint. Of the remaining parties only the Carmodys and the Bomhards responded in a timely manner in opposition to the Smiths' motion for summary judgment.[1]

The easement at issue was created by the Smiths' successor in interest, Theresa M. Desfoses (Ms. Desfoses), when she conveyed a twenty-acre portion of her twenty-five acre property in Scarborough, Maine to Hemlock Associates (the "Benefited Parcel"). As part of the conveyance, Ms. Desfoses granted, in the deed, a thirty-foot wide, four hundred and seventy foot long easement, encumbering her property, which allowed for the placement, replacement, maintenance and repair of underground utility lines (Utility Easement) to the Benefited Parcel.

Hemlock Associates subsequently developed the Benefited Parcel into the Woodgate subdivision, but did not utilize the Utility Easement in its development of the property. The Carmodys assert, however, that Verizon has used a portion of the Utility Easement for their benefit. The Carmodys further assert that the Utility Easement may be used in the future to lay sewer lines.

The Smiths claim that the Utility Easement was extinguished by abandonment because it was not used for its intended purpose of laying utility lines for the Woodgate subdivision. They acknowledge the disputed fact that Verizon may have utilized a twenty-foot portion of the Utility Easement but

---

[1] Carl Bomhard filed a pro se opposition to the Smiths' motion for summary judgment, but did not comply with M.R. Civ. P. 56 because he did not file a statement of material facts. Consequently, with respect to the Bomhard opposition, all statements of material fact offered by the Smiths will be deemed admitted because they were not properly controverted. See M.R. Civ. P. 56(h)(4).

2

assert that the remaining four hundred and fifty feet of the Utility Easement have been abandoned and thus extinguished.

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22.

"The standards for summary judgment in favor of a party with the burden of proof may be somewhat different, as the fact finder has the prerogative to disbelieve a witness and other affirmative evidence, even if that evidence is uncontradicted." Alexander, *The Maine Rules of Civil Procedure with Advisory and Committee Notes* § 56.1.4 (*citing Dionne v. LeClerc*, 2006 ME 34, ¶ 15, 896 A.2d 923, 929). At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

## DISCUSSION

At issue is whether the Utility Easement has been extinguished by abandonment through misuse and because it was not used by Hemlock Associates for its established purpose. To prove that an easement was extinguished by abandonment, the moving party must show "(1) a history of

3

nonuse coupled with an act or omission evincing a clear intent to abandon (emphasis added), or (2) adverse possession by the servient estate." *Rutland v. Mullen*, 2002 ME 98, ¶¶ 8-9, 798 A.2d 1104, 1109 (citations omitted). The Smiths assert prong one as the relevant inquiry. They do not assert that Defendants did not have an easement, but that the easement was abandoned.

Mere non-use is insufficient to prove an intent to abandon an easement. *Id.* A party must show "unequivocal acts inconsistent with the further assertion of rights associated with the existence of the easement." *Id.* Such unequivocal acts were found when an easement holder "quitclaimed all rights, title and interest in a twenty-six foot-wide strip of land in front of its property . . . to the State." *Canadian Nat'l Ry. v. Sprague*, 609 A.2d 1175, 1179 (Me. 1992). In contrast, the fact that an easement holder allowed the servient tenant to park cars blocking the easement and allowed the easement to become overgrown was deemed insufficient to establish a clear intent to abandon the easement. *Rutland*, 2002 ME 98, ¶ 11, 798 A.2d at 1110.

In this case, the Smiths acknowledge the disputed fact that a portion of the Utility Easement may have been used to lay utility lines but assert that Hemlock Associates never used the Utility Easement for its intended purpose. Consequently, they assert, at least 450 feet of the Utility Easement has been abandoned. The Smiths have offered no evidence, however, of an act or omission by the easement holders evincing a clear intent to abandon the easement. Accordingly, summary judgment is inappropriate because genuine issues of material fact remain in dispute regarding an essential element regarding intent to abandon an easement.

4

## II.   Party-in-Interest

At hearing, Party-in-Interest Maine Bank and Trust Company withdrew its opposition to Plaintiffs' Motion for Summary Judgment.

## Therefore, the entry is:

Plaintiffs' Motion for Summary Judgment against Defendants is DENIED.

Plaintiffs' Motion for Summary Judgment against Party-in-Interest Maine Bank and Trust Company is GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _12th_ day of _December_, 2007.

Roland A. Cole
Justice, Superior Court

5

DAVID MCCONNELL ESQ
PO BOX 426
PORTLAND ME 04112

*Maine Bank & Trust*

F COURTS
and County
Box 287
ne 04112-0287

JOSEPH MAZZIOTTI ESQ
PO BOX 3589
PORTLAND ME 04104

*Defendants Carmodys*

and County
Box 287
ne 04112-0287

C ALAN BEAGLE ESQ
PO BOX 7044
PORTLAND ME 04112

*Plaintiffs*