STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss.
CLERK'S OFFICE

2008 JAN -9 P 3: 45

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-05-654
RAC - CuM - 1/9/2008

SUSAN LIZOTTE and
DONNALEE BLANCHETTE

Plaintiffs,

v.

THERESA WESTLEIGH and
ASHLEY BENIT, a minor,

Defendants,

**ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

DONALD L. GARBRECHT
LAW LIBRARY

JAN 30 2008

This case comes before the Court on Defendants Theresa Westleigh and

Ashley Benit (Benit) (Collectively "Defendants") Motion for Summary Judgment

pursuant to M.R. Civ. P. 56.

## FACTUAL AND PROCEDURAL BACKGROUND

The issue in this motion is whether, as a matter of law, Plaintiff Donnalee

Blanchette (Blanchette) is entitled to punitive damages as claimed in her

amended complaint. Plaintiff Susan Lizotte has not joined Blanchette's

(collectively "Plaintiffs") amended complaint on the punitive damages claim and

takes no position on Defendants' Motion for Summary Judgment.

This Motion arises out of a personal injury action brought by Plaintiffs

against Defendants for harms suffered in an automobile collision that occurred

on October 23, 2004 in Brunswick, Maine. Benit was sixteen at the time of the

accident and was driving an automobile owned by her mother, Defendant

Westliegh. Defendant Westleigh was not in the automobile at the time of the

accident.

The facts surrounding the accident are in dispute. Extensive discovery as

well as mediation has occurred.

1

In her amended complaint, Blanchette asserts that Benit's negligence caused the accident and that she acted with "implied malice when she drove in violation of law" and that "this outrageous conduct" resulted in Blanchette's injuries.[1] In support of her claim Blanchette alleges that Benit was racing another car at the time of the accident. This fact is in dispute. In her claim for punitive damages, Blanchette primarily relies on Benit's extensive record with the department of motor vehicles. At the time of the accident that record included a speeding ticket for driving 59 miles per hour in a 40 mile per hour zone, and a suspended license allegedly for not complying with the terms of her intermediate license. It is not in dispute that Benit had an eighteen-year-old passenger in the car at the time of the accident, in violation of her license. It is disputed whether Benit had knowledge of the suspension at the time of the accident. Blanchette also relies on Benit's less than stellar driving record subsequent to the accident, including a guilty plea as an habitual offender.

Defendants counter that the circumstances surrounding the accident are in dispute and that evidence, such as Benit's driving record, are inadmissible under the Maine Rules of Evidence. However, Benit asserts, even if all that Blanchette alleged were admissible and true, the allegations do not rise to the standard of malice necessary to recover punitive damages.

## DISCUSSION

### I.     Standard of Review

"Summary judgment is no longer an extreme remedy." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21. The purpose of summary judgment is to reach

---

[1] There is some inconsistency between Blanchette's amended complaint and her opposition to summary judgment. In her opposing statement of material facts, Blanchette asserts that "Benit's violations of law and her outrageous conduct. . . . establish implied malice" (emphasis added). Pl. O.S.M.F. ¶ 6. In contrast her amended complaint asserts that Benit's driving in violation of the law is the outrageous conduct. Ultimately the distinction is immaterial as discussed below.

2

"judicial resolution of those matters that may be decided without fact-finding."

*Id.* ¶ 7, 784 A.2d at 22. Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.[2]

## II. Punitive Damages Claim

Under Maine law, punitive damages "serve the useful purposes of expressing society's disapproval of intolerable conduct and deterring such conduct where no other remedy would suffice." Simmons, Zillman and Gregory, *Maine Tort Law* § 19.07 at 688-89 (1999 ed.) (*quoting Tuttle v. Raymond*, 494 A.2d 1353, 1354 (Me. 1985)). Accordingly, "punitive damages are available only where

---

[2] Great circumspection is required where summary judgment is sought on an issue involving malice, since a defendant's state of mind is difficult to prove. However, simply because Plaintiff has asserted a cause of action to which Defendant's state of mind is a material element does not entitle him to a trial. There must be some indication that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim.

*Kelleher v. Boise Cascade Corp.*, 683 F.Supp. 858, 859 (D. Me. 1988)(citations omitted).

the plaintiff proves by clear and convincing evidence that the defendant acted with malice." *Id.*

The *Tuttle* Court held that "[a] standard that allows exemplary awards based upon gross negligence or mere reckless disregard of the circumstances overextends the availability of punitive damages and dulls the potential keen edge of the doctrine as an effective deterrent of truly reprehensible conduct." *Tuttle*, 494 A.2d at 1361. Accordingly, punitive damages were deemed only available if a defendant in a tort action acted with actual or implied malice. *Id.*

In this case implied malice is alleged. Implied malice is defined as more than a "mere reckless disregard of the circumstances." *Id. (citing Miller Pipeline Corp. v. Broeker*, 460 N.E.2d 177, 185 (Ind. Ct. App. 1984)). "In *Tuttle*, the Law Court denied a claim for punitive damages where a driver sped through city streets, ran a stoplight, and struck the plaintiff's vehicle with enough force to shear it in half." *Curan v. Richardson*, 448 F. Supp. 2d 228, 232 (D. Me. 2006). *See also id.* at 233 (finding that the defendant's operation of a motor vehicle at excessive speeds on the wrong side of the road after drinking two beers does not rise to *Tuttle*'s malice standard). In contrast, malice was found when a landlord intentionally locked out a tenant intending to undermine the success of his business. *Newbury v. Virgin*, 2002 ME 119, ¶ 21-22, 802 A.2d 413, 418.[3]

The Court must consider the facts in a light most favorable to Blanchette on this motion for summary judgment on punitive damages. Accordingly, at the time of the accident Benit was, possibly knowingly, driving under a suspended license. She had an eighteen-year-old passenger in her car in violation of

---

[3] Blanchette also points to a Superior Court case awarding punitive damages in part based upon the driving record of the defendant. *Filanowski v. Leonard*, 2003 Me. Super. LEXIS 165. In that case , however, the defendant driver was 1) intoxicated at the time of the accident; 2) was warned by, but did not heed, the passengers in his car that he was driving too fast and should slow down; and 3) had a record of driving to endanger and several speeding violations.

4

limitations on her license, and she may have been speeding. Prior to the accident she received a speeding ticket for traveling 59 miles per hour in a 40 mile per hour zone and her license was suspended for having a passenger under the age of twenty. Benit was sixteen at the time of the accident.

If all of the facts asserted by Blanchette are proved at trial, Benit's actions may amount to reckless disregard of the danger she imposed to others. These facts, however, do not rise to the level of malice required by *Tuttle*. Accordingly, this Court concludes that, under the facts alleged, as a matter of law, Blanchette is not entitled to a claim for punitive damages.

**Therefore, the entry is:**

> Defendant's Motion for Summary Judgment on Plaintiff Blanchette's claim for punitive damages is GRANTED.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this ___9th___ day of ___January___ 2008.

Roland A. Cole
Justice, Superior Court

NATHANIEL SETH LEVY ESQ
PO BOX 15421
PORTLAND ME 04112

Lizotte
Blanchette

ROGER BRUNELLE ESQ
PO BOX 4726
PORTLAND ME 04112

Westleigh
Benit

CHRISTIAN LEWIS ESQ
PO BOX 3065
LEWISTON ME 04243

plaintiff