STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
Docket No. RE-07-219
TED - CUM - 3/12/2008

JUDITH K. STREETER, Trustee,

Plaintiff,

                                     **ORDER ON PLAINTIFF'S MOTION**
v.                             **FOR SUMMARY JUDGMENT**
                                   **AND DEFAULT JUDGMENT**

KIMBERLY CAPARRATTO and
SCOTT CAPARRATTO,

DONALD L. GARBRECHT
LAW LIBRARY

APR 0 ....

        Defendants

and

BANK OF NEW YORK, Trustee,

Defendant, Party-in-Interest

## I. BEFORE THE COURT

This matter comes before the court on the plaintiff Judith Streeter's (Streeter) motion for summary judgment against the defendants, Kimberly and Scott Caparratto (the Caparrattos), and motion for a default judgment/summary judgment against the remaining defendant / party-in-interest, the Bank of New York (the Bank).

## II. PROCEDURAL HISTORY AND BACKGROUND

This is a foreclosure action brought by Streeter against the Caparrattos and the Bank as a second mortgagee. The following facts are not in dispute. In January of 2005, the Learning Zone, LLC borrowed $285,000 from Streeter. The loan was secured by a promissory note, and the note was personally guaranteed by both of the Caparrattos. In addition to the personal guarantees, the Caparrattos granted two mortgages to Streeter, one on a piece of commercial property and one on a piece of residential property. The

Caparrattos eventually defaulted on their obligations under the note and personal guarantees, and Streeter foreclosed on the commercial property by power of sale. She then applied the proceeds of that sale to the Capparrattos' debt. Streeter now seeks foreclosure of the residential property to recover the remaining amount due on the note and personal guarantees.

Streeter's complaint seeks a judgment of foreclosure of the mortgage and a sale of the property. After the Caparrattos answered the complaint Streeter filed a motion for summary judgment and default judgment. The defendants have opposed the motion. The Bank has not responded to either the complaint or the motion.

## III. DISCUSSION

### A. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### B. Breach of Mortgage and Amount Due

14 M.R.S. §§ 6321-6325 (2007) govern foreclosures by civil action. Section 6322 requires the court to "determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and

2

court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings." Neither party has raised any issue regarding the existence of public utility easements, so the questions for this court concern the issues of breach, amounts due, and priority of mortgagees.

Rule 56(h) requires a party that is opposing a motion for summary judgment to support any qualifications or denials of the moving party's statement of material facts with record citations. Under Rule 56(h)(4), any statement that is not properly controverted is admitted. If the opposing party chooses to include a statement of additional facts, he or she must support those facts with record citations or the court may disregard them. See *Levine*, 2001 ME 77, n. 5, 770 A.2d at 656. The Law Court has clearly and succinctly spelled out the requirements for non-moving parties in summary judgment practice, stating:

> [t]o avoid a summary judgment, the nonmoving party must respond by filing (1) a memorandum of law in opposition to the motion for summary judgment; (2) a statement of material facts in opposition, with appropriate record references; and (3) copies of the corresponding record references.

*Id.* ¶ 6, 770 A.2d at 655-56.

In this case, the Caparrattos did not properly respond to Streeter's motion for summary judgment. Although they submitted a memorandum of law in opposition to Streeter's motion, they did not timely respond to her statement of material facts, nor did they offer any additional material facts. It was not until after Streeter filed her reply memorandum that the Caparrattos submitted a second memorandum in opposition to the motion for summary judgment, along with a response to Streeter's statement of material facts. However, Rule 56 does not allow a second chance for a non-moving

3

party to submit an opposing statement of material facts.[1] *See also* M.R. Civ. P. 7 (allowing for a motion, an opposition to a motion, and a reply to an opposition).

Because the Caparrattos did not properly controvert any of these statements of material fact, they should be deemed admitted pursuant to Rule 56(h)(4). Additionally, the Caparrattos admitted in their answer that they are in default of their payment obligations under the note and personal guarantees, and thus have also breached the terms of the mortgage. Therefore, the only real issue left to determine with respect to the Caparrattos is the outstanding amount of debt owed to Streeter.

The Caparrattos argue that they should not owe anything to Streeter because the sale of the commercial property was not an arms-length transaction in that the same agent represented both the purchaser and the mortgagee. They rely on 14 M.R.S. § 6324 (2007) to argue that any deficiency owed to Streeter should be based on the fair market value of the commercial property as determined by an independent appraisal, not the actual amount paid for the property at the public sale.[2]

Streeter correctly points out that section 6324 governs foreclosures by civil action and not foreclosures by power of sale, which are governed by section 6203-A. While the former section requires an independent appraisal of the property, the latter section has no such provision. Because the sale of the commercial property was in accordance with section 6203-A and not section 6324, there was no statutory requirement that an independent appraisal be conducted.

---

[1] Even if the court could consider the opposing statement of material facts that was submitted with the Caparratto's second opposition to the motion for summary judgment, the only valid record citation provided by the defendants is to an affidavit of Kimberly Caparratto. In it, she asserts that prior to the sale of the commercial property, a buyer approached her and offered to pay $250,000 for the property. She claims to have given this information to Streeter. Even if it were relevant, much of the information contained in the affidavit is inadmissible hearsay.

[2] In their first opposition filed, the Caparrattos assert that the commercial property was appraised at $300,000, and in the second opposition they contend that it was appraised at $350,000. They have not provided any evidence to support either assertion.

4

Notwithstanding the fact that the Caparrattos did not adequately respond to the motion for summary judgment, this court still must determine whether Streeter has presented enough evidence to show that she is entitled to judgment as a matter of law. *See* M.R. Civ. P 56(c).

Streeter did include an affidavit from Todd Johnson, an agent for Streeter, stating the amount due on the note as of October 5, 2007, as well as the accrued interest, late charges, and certain other expenditures. However, Streeter did not provide any business records to supplement the affidavit, nor is the affidavit sufficient to establish the necessary foundation for the admission of those records. *See* M.R. Evid. 803(6); *see also Northeast Bank & Trust Co. v. Soley*, 481 A.2d 1123, 1125-26 (Me. 1984) (explaining the foundational requirements for the admission of business records).

Pursuant to Rule 56(e), an affidavit must "set forth such facts as would be admissible in evidence." Any documents that are referred to in an affidavit must be included with it. *Id.* At this point, all of the statements contained in the affidavit regarding amounts owed are hearsay, and Streeter should provide the actual business records of the amounts owed for consideration and admission into evidence under M.R. Evid. 803(6).

## C. Priority of Mortgagees

Streeter is also seeking either a default judgment or summary judgment against the Bank concerning the respective priorities of each party's interest in the property. She has submitted an affidavit from her attorney concerning the service of process upon the Bank by certified mail. She has also included a copy of the return receipt. The Bank has not responded to either the complaint or the motion for default judgment. Additionally, Streeter has provided certified copies of the mortgages that were recorded in the registry of deeds. According to those documents, Streeter's mortgage was

5

recorded on January 25, 2005 while the Bank's mortgage was recorded on December 15, 2005. Because the Bank has not filed any opposition to Streeter's motion, it has waived any objection to it. *See* M.R. Civ. P. 7(c)(3).

## IV. DECISION AND ORDERS

The clerk will make the following entries as the Decision and Orders of the court:

**A.** The plaintiff's Motion for Summary Judgment is granted against the defendants Kimberly Caparratto and Scott Caparratto on the issue of breach; however, it is denied without prejudice pending hearing or further proceedings on the issue of the amount due.

**B.** The plaintiff's Motion for Summary Judgment is granted against the defendant Bank of New York, Trustee.

**C.** It is ordered adjudged and decreed that the plaintiff, Judith K. Streeter, Trustee, has first priority and that the defendant bank of New York has second priority.

**D.** This matter will be scheduled for hearing by the court on the first available jury-waived list unless otherwise resolved by further motion or other process.

**SO ORDERED.**

DATED: March 11, 2008

Thomas E. Delahanty II
Justice, Superior Court

6

land County
Box 287
ine 04112-0287

ROBERT HARK ESQ       -P
TROUBH HEISLER
PO BOX 9711
PORTLAND ME 04104-5011

F COURTS
ind County
3ox 287
ne 04112-0287

JONATHAN FLAGG ESQ    Trustee
FLAGG LAW PLLC
93 MIDDLE ST
PORTSMOUTH NH 03801

. Box 287
laine 04112-0287

GEORGE MARCUS ESQ
KEVIN STAUFF ESQ
MARCUS CLEGG & MISTRETTA
100 MIDDLE ST
EAST TOWER
PORTLAND ME 04104-5011