STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Civil Action
Docket No. RE-08-093

ACCOMPLISHED PROFESSIONALS

Plaintiff

v.

FREEDOM FISH, LLC

Defendant

**DECISION AND ORDER
ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGEMENT**

This matter comes before the court on plaintiff's motion for summary judgment and defendant's opposition.

## I. PROCEDURAL HISTORY AND BACKGROUND

The following facts are not in dispute. The plaintiff, Accomplished Professionals (Accomplished), placed a temporary employee, James Cox (Cox), with the defendant Freedom Fish, LLC (Freedom Fish) during the summer of 2006. Freedom Fish hired Cox as a full time employee on September 11, 2006 and the parties negotiated a finder's fee soon thereafter. As a result of their negotiation, Freedom Fish agreed to pay Accomplished $4,000 in four installments. The first three installments were paid as agreed, but Freedom Fish refused to pay the final $1,000 payment.

Upon the defendant's failure to pay, Accomplished filed a complaint alleging breach of contract and unjust enrichment. Accomplished also filed a motion for attachment, which the court granted on May 2, 2008. Freedom Fish answered and filed a counterclaim alleging breach of contract and unjust enrichment.

Accomplished now seeks summary judgment and Freedom Fish has filed opposition.

- 1 -

Accomplished also filed a motion to extend time to submit ADR notice on July 14, 2008 because it has been unable to obtain clarification as to whether opposing counsel, William P. Denley, Esq., was at all times relevant to the dispute an owner of the defendant Freedom Fish and whether or not attorney Denly will appear as a witness in the case.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### B. Breach of Contract

According to the Law Court, "a contract is legally enforceable if it is founded upon a meeting of the minds, consideration, and a mutuality of obligations." *Estate of McPhee*, 2006 ME 38, ¶ 7, 904 A.2d 401, 402. An exchange of promises typically creates a legally enforceable contract. *See* RESTATEMENT (SECOND) OF CONTRACTS § 50 cmt. c

(1981). Whether or not a contract exists is a question of fact. *Sullivan v. Porter*, 2004 ME 134, ¶ 13, 861 A.2d 625, 631.

In this case, Accomplished asserts that there was a mutual agreement between Accomplished and Freedom Fish: that is, if Accomplished provided Freedom Fish with a full time employee, Freedom Fish would pay Accomplished a finder's fee based on a percentage of the worker's salary. After Freedom Fish employed Cox fulltime, Accomplished contends that it informed Freedom Fish that its normal finder's fee would be $8,000, but Accomplished would reduce that amount to $4,000 if Freedom Fish agreed to make four payments of $1,000 on September 11, 2006, September 26, 2006, October 25, 2006, and November 25, 2006. Accomplished admits that Freedom Fish made three payments of $1,000 as agreed, but argues that it never made the final and fourth payment due at the end of November. On December 12, 2006, Accomplished wrote Freedom Fish, stating that if Freedom Fish did not make the final payment, the original $8,000 fee, less the $3,000 already paid, would become due. Freedom Fish refused to make the final payment.

Freedom Fish argues that the parties reached a different agreement than the one advanced by Accomplished. According to Freedom Fish, the parties did not discuss a finder's fee until the decision was made to hire Cox as a full-time employee in late August of 2006. At that time the parties negotiated an agreement, in which Freedom Fish would pay $4,000 to Accomplished, conditioned on the promise that if Cox left the employ of Freedom Fish prior to March 2007, Accomplished would either find a suitable replacement for Cox at no charge, or would refund Freedom Fish's finder's fee. Freedom Fish further asserts that after Cox gave notice of his resignation in November 2006, Clinton J. Ray (Ray), Freedom Fish's Manager, promptly contacted Louis LaPierre

(LaPierre), the President of Accomplished, and asked him to find a replacement for Cox, which LaPierre refused to do.

The parties present conflicting versions of their negotiations and agreement regarding the finder's fee. The question of whether a contract existed is a question of fact, and Freedom Fish has submitted sufficient evidence to create a genuine issue of material fact that must be resolved through fact-finding. Although the evidence submitted by Freedom Fish is minimal, comprised of a single affidavit from Ray, that is sufficient to establish a conflict of material facts and survive summary judgment when reviewed in the light most favorable to Freedom Fish.

## C. Unjust Enrichment

Accomplished also makes a claim for recovery of unjust enrichment. To sustain a claim for unjust enrichment, Accomplished must establish that (1) it conferred a benefit on Freedom Fish; (2) that Freedom Fish had an "appreciation or knowledge of the benefit"; and (3) that the "acceptance or retention of the benefit was under such circumstances as to make it inequitable" for the Freedom Fish to retain the benefit without payment of its value. See *Forrest Assoc. v. Passamaquoddy Assoc.*, 2000 ME 195, ¶ 14, 760 A.2d 1041, 1045-46.

Freedom Fish has presented sufficient evidence to survive summary judgment for the unjust enrichment claim as well. According to Freedom Fish, the acceptance and retention of any benefit received was not under circumstances that would result in inequity to Accomplished. Freedom Fish claims that its promise of payment was conditioned on Accomplished's performance, which never took place. Freedom Fish's evidence adequately provides a prima facie defense to Accomplished's unjust enrichment claim.

## D. Motion to Extend Time for ADR

At oral argument, counsel for plaintiff asked the court to inquire of defendant's attorney, William Denly, Esq., whether he has any ownership or other interest in the defendant company and whether he is or will be a witness in the case. Plaintiff's counsel asserts that if defendant's attorney of record will be a witness, it may invoke certain provisions of the Maine Bar Rules. *See* M.B.R. 3.4(g)(1). At the court's inquiry, attorney Denly did state that he does have an interest in the defendant company and that he did not expect to be a witness in the proceedings. The court declined to inquire further as requested by plaintiff.

The Scheduling Order issued May 13, 2008 pursuant to M.R.Civ.P. 16(a) requires plaintiff to notify the court within 60 days (July 12, 2008) of "the ADR process selected, the name of the neutral and the time and place for the ADR conference." This has not been done. New deadlines are set forth in the court's Order.

## III. DECISION AND ORDER

The clerk will make the following entry as the Decision and Order of the court:

A. Plaintiff's Motion for summary judgment is denied.

B. Plaintiff shall comply with paragraph 4 of the Scheduling Order not later than September 25, 2008 and notify the court of the ADR process selected, the name of the neutral and the time and place for the ADR conference.

C. The ADR conference shall be held prior to November 13, 2008 and the report of the ADR conference will be filed by the neutral or counsel for plaintiff not later than 10 days after the conference.

SO ORDERED

Dated: Sept. 4, 2008

_____
Thomas E. Delahanty II
Justice, Superior Court

- 5 -

RK OF COURTS
O. BOX 287
), MAINE 04112-0287

SAMUEL SHERRY ESQ
PO BOX 18201
PORTLAND ME 04112-8201

ERK OF COURTS
P.O. BOX 287
ND, MAINE 04112-0287

WILLIAM DENLEY ESQ
PO BOX 7710
PORTLAND ME 04112