STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Civil Action
Docket No. AP-07-026

SCARBRORO MUFFLER CENTER, INC.,

Plaintiff/Petitioner

v.

DECISION AND JUDGMENT

STATE OF MAINE, TAX ASSESSOR

Defendant/Respondent

## I. BEFORE THE COURT

This matter comes before the court on the State Tax Assessor's motion for summary judgment and the cross-motion for summary judgment by the petitioner, Scarboro Muffler center, Inc.

## II. PROCEDURAL HISTORY AND BACKGROUND

Scarboro Muffler Center, Inc. (SMC) brought this petition for a review of an assessment for State of Maine use tax for the years 2003 to 2006 on a 2003 50th Anniversary Limited Edition Chevrolet Corvette (the Vehicle).

SMC is an automobile repair center and automobile dealer in Scarborough, Maine. SMC was and is currently licensed by the State to sell new or used vehicles.

In July 2003, SMC purchased the Corvette as a new vehicle from Pape Chevrolet for $50,000. SMC paid no sales taxes on the transaction based on certification that the Vehicle was being purchased for resale. When SMC purchased the Vehicle its odometer reflected only 17 miles.

During the three years that SMC owned the Vehicle, the Vehicle was operated with an affixed dealer plate. Although SMC's President, Randy P. Sargent's (Sargent), did not display a "for sale" sign on the Vehicle, there was a used vehicle disclosure notice on or in the Vehicle at all times. The Vehicle was kept at various locations, including SMC's business location, Sargent's home located approximately 3 ½ miles from SMC, and the garage of an acquaintance of Sargent, located in Scarborough, Maine. Sargent sometimes drove the Vehicle to and from work, and on one occasion he took the Vehicle to car show in Buxton, Maine.

In June 2006, SMC sold the Vehicle to James and Judi Czimbal for $41,500, after having advertised the Vehicle's sale in the Portland Press Herald.[1] Prior to consummating the sale, SMC permitted James Czimbal to test drive the Vehicle for approximately ten miles. This was the one and only time that any person took the Vehicle for a test drive. At the time of sale the Vehicle's odometer reflected 6,700 miles.

Following an audit of SMC's business records, the Assessor assessed use tax, interest, and penalties on the Vehicle, coming to a total tax of $3,935.92 due. The assessed tax was based on the Assessor's determination that SMC withdrew the Vehicle from inventory for SMC's and Sargent's own use. SMC timely requested reconsideration of the assessment, which upheld the assessment in full.

SMC timely appealed the Reconsideration Decision to this court. The Assessor filed a motion for summary judgment and SMC filed a cross-motion for summary judgment.

---

[1] The petitioner produced no evidence for the record of the number of times, the period of time covered or the nature or type of advertisements placed for the vehicle.

# III. DISCUSSION

## A. SUMMARY JUDGMENT

### 1. Standard of Review

Title 36 M.R.S.A. § 151 governs judicial review of decisions by the Assessor and "provides that the Superior Court 'shall conduct a de novo hearing and make a de novo determination of the merits of the case.'" *Foster v. State Tax Assessor*, 1998 ME 205, P 7, 716 A.2d 1012, 1014; 36 M.R.S.A. § 151. Summary judgment, however, is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22.

A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the non-moving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### 2. Sufficiency of the Evidence

A tax is imposed "on the storage, use or other consumption in this State of tangible personal property or a service, the sale of which would be subject to tax under section 1764 or 1811. 36 M.R.S. § 1861. When tangible personal property is withdrawn from inventory by the retailer for the retailer's own use, use tax liability accrues as of

- - 3

the date of withdrawal. *Id.* Use is defined to include "the exercise in this State of any right or power over tangible personal property incident to its ownership." 36 M.R.S. § 1752(21). The statute does not specify a minimum amount of use by the retailer that will result in withdrawal of the property from inventory for resale. 36 M.R.S. § 1752(21); 36 M.R.S. § 1861; Maine Revenue Services Sales, Fuel & Special Tax Division Instructional Bulletin No. 24 (Bulletin No. 24). The burden of proving that a transaction was not taxable is on the person charged with the tax liability. 36 M.R.S. § 1763.

The Assessor published Bulletin No. 24, to provide guidance for vehicle dealers about use tax liability on vehicles purchased for resale. Section 7(A) of Bulletin No. 24 provides that no tax is imposed on vehicles used by dealers for demonstration or display purposes only. Section 7(E) further states that a seller who purchases "property tax-free for resale, but subsequently withdraws the property from inventory for use inconsistent with holding the property solely for demonstration and sale, becomes liable for use tax on the cost of the property." The operation of a vehicle with dealer's plates is "considered presumptive evidence of use for demonstration only." § 7(A).

The Assessor argues that the record is more than sufficient to rebut the presumption that SMC used the Vehicle for demonstration purposes only. The Assessor contends that in viewing all of the circumstances collectively, there are numerous factors that support its finding that SMC removed the Vehicle from its inventory for personal use; those factors include (1) the length of time SMC owned the Vehicle; (2) the 6,700 miles SMC put on the Vehicle; (3) that Sargent was driving the Vehicle for his own personal use; (4) that Sargent often stored the Vehicle outside of SMC's business location; (5) that SMC only took the car to one car show during the three years it had the Vehicle; (6) that SMC did not put a "for sale" sign on the Vehicle;

- - 4

and, that (7) the record fails to show any advertisement at any time that the Vehicle was for sale.

SMC argues that the Assessor has failed to overcome the presumption, created by § 7(A) of Bulletin No. 24, that the car was used for display and demonstration purposes because of the affixed dealer plates. SMC contends that the Assessor relies on alleged facts without any standard or context to explain why those alleged facts indicate removal of a vehicle from inventory. According to SMC, Sargent was displaying the Vehicle for sale when he drove it around town and at all times SMC owned the car it was trying to sell it. SMC argues that it promoted the sale of the Vehicle by advertising the Vehicle in the newspaper, displaying the Vehicle on its lot, and operating the Vehicle around town and to Sargent's residence. SMC also took the Vehicle to a car show and parked it with other vehicles that were being offered for sale. SMC further contends that it only stored the Vehicle off its business premises because Sargent was not comfortable leaving such a valuable part of SMC's inventory in its unattended lot.

Although SMC is correct in its assertion that the dealer plates created a presumption in its favor, this presumption is rebuttable and not conclusive. Presumptive evidence is defined as "prima facie evidence or evidence which is not conclusive and admits of explanation or contradiction." BLACK'S LAW DICTIONARY 1186 (6th ed. 1990). The record reflects sufficient evidence to refute the initial presumption that the Vehicle was used exclusively for demonstration purposes, and the Assessor's decision was reasonable.

Because this matter is considered de novo, 36 M.R.S. § 151, the court applies the usual rules of summary judgment rather than examining whether the Assessor's decision is supported by the record as in the case of a Rule 80C appeal without the statutory prescription of a de novo hearing.

- - 5

Considering all of the evidence in the light most favorable to the petitioner, the court concludes that there is no dispute as to material facts. The respondent is entitled to summary judgment.

**B. Waiver of the Assessor's Opposition**

The Assessor filed its opposition to SMC's cross-motion for summary judgment two days after the due date pursuant to M.R. Civ. P. 7(c)(2). SMC argues that the court should rule on SMC's cross-motion as an unopposed motion because the Assessor's opposition was not timely filed. SMC also contends that the court should not consider the Assessor's response to SMC's Statement of Additional Material Facts and the Assessor's Additional Statement of Material Facts.

Whether or not to consider the late response is discretionary with the court. It is immaterial in this case because the court is granting the Assessor's motion and makes the petitioner's motion moot.

## IV. DECISION AND JUDGMENT

The clerk will make the following entries as the Decision and Judgment of the court:

A. The plaintiff's Motion for Summary Judgment is denied.

B. The decision of the State tax assessor is affirmed.

C. The defendant's Motion for Summary Judgment is granted and judgment is entered for defendant.

D. No costs are awarded.

SO ORDERED.

Dated: October 21, 2008

Thomas E. Delahanty II
Justice, Superior Court

- - 6

Date Filed  05-08-07                CUMBERLAND                Docket No.  AP-07-26
                                      County

Action   80C APPEAL


SCARBORO MUFFLER CENTER INC                        MAINE STATE TAX ASSESSOR


                                        vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN J WALL III ESQ<br>MONAGHAN LEAHY<br>PO BOX 7046<br>PORTLAND ME 04112-7046<br>(207)774-3906 | KELLY L TURNER AAG<br>DEPARTMENT OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA ME   04333-0006 |

Date of
Entry