STATE OF MAINE        STATE OF MAINE<br>CUMBERLAND, SS<br>CLERK'S OFFICE      SUPERIOR COURT

CUMBERLAND, ss.                                     CIVIL ACTION

DOCKET NO: RE-08-246

THE BANK OF NEW YORK 2009 JUL 20 A 10: 16
TRUST COMPANY, N.A.,

        Plaintiff,

     v.                                         **ORDER**

CONNIE TAGGERT,

        Defendant

And

IAN LANE,

        Party-In-Interest

This case comes before the Court on Plaintiff's motion for summary judgment pursuant to M.R. Civ. P. 56.

## BACKGROUND

On December 13, 2005, the Defendant executed and delivered to Residential Mortgage Services, Inc. (RMS) a promissory Note in the amount of $387,200.00 (herein "the Note"). Plaintiff's Statement of Material Fact (PSMF) ¶ 1; Exhibit A to the Complaint. To secure this Note, the Defendant executed and delivered a mortgage (herein "the Mortgage") with Mortgage Electronic Registrations Systems, Inc. (MERS), as nominee for RMS, giving MERS an interest in 24 Stony Ride Road in Cumberland, Maine. PSMF ¶ 1; Exhibit A to the Complaint. Subsequently, on November 21, 2008, MERS assigned its interest in the Mortgage to Plaintiff Bank of New York (herein BNY).[1] PSMF ¶ 1.

---

[1] While BNY filed the present complaint on November 21, 2008, the copy of the mortgage assignment from MERS, as nominee for RMS, to BNY attached to the motion for summary

BNY alleges that the Defendant is currently in default on the Note, having failed to make the required payments due on and after August 1, 2008. PSMF ¶ 2. Defendant denies this allegation. Defendant's Opposing Statement of Material Facts (OSMF) ¶ 2. BYN further alleges that by letter dated September 10, 2008, it notified the Defendant that she was in default and demanded that she cure such default, but that Defendant has thus far failed or refused to cure this default. PSMF ¶ 3; See Exhibit C to the Complaint. Defendant denies this allegation. OSMF ¶ 3. BYN alleges that, as of November 13, 2008, Defendant owes $388,711.54 under the Note, with a per annum interest amount of 6.875% plus attorney fees. PSMF ¶ 7. As she alleges that she is not in default, Defendant denies this allegation. OSMF ¶ 7.

Defendant alleges that she received a notice of default and right to cure some time in October 2008 from SunTrust Mortgage, Inc., BNY's mortgage servicing agent. Defendant's Additional Statement of Material Facts (ASMF) ¶ 2. The notice and cure letter, dated October 7, 2008, asks Defendant to "remit the amount due of $11,888.92 today in guaranteed funds to the address shown above. Once your account is referred to the Foreclosure Attorney, legal fees may be added to this amount effective immediately. At that point, only the total amount due including any fees and costs will be accepted to reinstate your loan." ASMF ¶ 3; Exhibit B to Taggart Affidavit.

Defendant alleges that on October 27, 2008, party-in-interest Ian Lane sent a check in the amount of $11,889.92 to SunTrust. ASMF ¶ 4. On November 4,

judgment reflects that MERS did not assign its interest in the Mortgage to BNY until November 21, 2008, or one week after BNY filed the present complaint for civil foreclosure. While Defendant argues that this raises a question of standing, this Court is satisfied that BNY will receive a corrective assignment that will reflect an assignment date of November 6, 2008. As such, BNY has standing to bring the present action.

2

2008, SunTrust returned the check because the check amount, $11,889.92, did not constitute a full payment of the money due under the Note and Mortgage at that time. ASMF ¶ 5; See also Exhibit D to Taggart Affidavit. The letter went on to state that if the Defendant wished to obtain information regarding the full reinstatement amount, she could contact the attorney assigned to her loan. ASMF ¶ 5; Exhibit D to Taggart Affidavit.

Defendant alleges that prior to sending the check on October 27, 2008, Party-in-Interest Ian Lane, despite several attempts to do so, was unable to obtain the information regarding the actual full reinstatement amount from Plaintiff or the attorney assigned to the loan.[2] ASMF ¶ 7.

## DISCUSSION

I.    Motion for Summary Judgment[3]

A.    Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); see also *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the

---

[2] The record reflects that between September 29, 2009 and October 17, 2009, Mr. Lane contacted both SunTrust and the foreclosure attorney's office on five separate occasions. ASMF ¶7; Exhibit E to the Lane Affidavit.

[3] It must first be noted that both Plaintiff's and Defendant's counsels made procedural mistakes in filing their respective motion for and opposition to summary judgment. M.R. Civ. P. 7 and 56 outline the time in which a motion, opposition, and reply are to be filed, however Defendant's reply was filed well after the 21-day period set by Rule 7 had expired, and further, Plaintiff's reply to Defendant's opposition was filed almost four months after Defendant filed her opposition to BNY motion for summary judgment, also in violation of Rule 7. However, in the pursuit of judicial economy, this Court will ignore these defects and analyze the substantive issues raised by the parties.

potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

B.    Foreclosure by Civil Act

14 M.R.S. §§ 6321-6325 (2007) governs foreclosures by civil action. Under the pertinent sections of Section 6322, the court's role is to determine whether there has been a breach of the mortgage agreement and "the amount due thereon, including reasonable attorney's fees and court costs." BNY contends that it has alleged and proven all the necessary requirements under 14 M.R.S.A. § 6321. Specifically, it point to the fact that it has a mortgage on specific real estate owned by the Defendant, that the mortgage secures a debt under a promissory note, and that the Defendant is in default under the Note. Thus, BNY has demanded foreclosure by civil action.

In looking at the Defendant's opposition, she denies any suggestions made by BNY in its statement of material facts that she was in default of the Note and Mortgage. She bases this denial on the fact that (1) under the Mortgage, she is given the opportunity to cure all defaults prior to foreclosure, and (2) all such deficiencies were cured when SunTrust received Mr. Lane's payment of $11,888.92. Based on these two facts, the Defendant claims that BNY should have reinstated her Mortgage.

Defendant is incorrect in arguing that Mr. Lane's payments cured the default on her mortgage. In looking at the evidence the Defendant and Mr. Lane submitted with their affidavits, it is clear that SunTrust did not accept, and in fact

4

returned, the payment of $11,889.98 because it did not constitute the full reinstatement amount as required under the terms of the Mortgage.

However, under the Mortgage, the Defendant has the right, within a certain period of time, to cure all defaults before BNY can file a complaint for foreclosure by civil action. Exhibit A to the Complaint ¶ 19. Defendant has provided evidence showing that Mr. Lane, following the direction contained in the default notices from SunTrust, contacted both SunTrust and Attorney Flagg's office on several occasions in an attempt to ascertain the full reinstatement amount, which if paid, would cure the default on Defendant's mortgage. Further, Defendant alleges that each time Mr. Lane contacted SunTrust or Attorney Flagg's office, he was informed that information concerning the full reinstatement amount was not available.[4]

As such, because Mr. Lane, despite several attempts to do so and through no fault of his own, was unable to ascertain the full reinstatement amount from SunTrust and Attorney Flagg's office, there remains a question of material fact as to whether Defendant was given a meaningful opportunity to cure her default as

---

[4] Defendant alleges that on two occasion, Mr. Lane was informed by Sun Mutual that the information was not available, but no reason for this unavailability was given. ASMF ¶ 7; Lane Affidavit, ¶ 12(a). Defendant further alleges that on another occasion, Mr. Lane contacted Attorney Flagg's office only to be informed that Defendant's file had not appeared on the firm's computer, and as such, no reinstatement amount could be provided. ASMF ¶ 7; Lane Affidavit, ¶ 12(b). Defendant further alleges that on another occasion, Mr. Lane again contacted Attorney Flagg's office and was informed that while Defendant's foreclosure file did appear on the firm's computers, the person responsible for calculated the full reinstatement amount was "way behind on her work," and therefore, no reinstatement amount was available. ASMF ¶ 7; Lane Affidavit, ¶ 12(c). Further, it is alleged that at this time, Mr. Lane was informed by Attorney Flagg's office that Defendant would be receiving an additional notice of default that would contain the full reinstatement amount, but no such notice was ever received by Defendant, and the next correspondence received from Attorney Flagg's office was notice that a complaint for foreclosure by civil action was filed with the court. ASMF ¶ 7; Lane Affidavit, ¶ 12(c).

required under the Mortgage agreement. Therefore, summary judgment is improper.

**Therefore, the entry is:**

Plaintiff's motion for summary judgment is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _____ July 20, 2007

_____
Roland A. Cole
Justice, Superior Court

6

THE BANK OF NEW YORK TRUST COMPANY VS CONNIE TAGGART ET ALS
UTN:AOCSsr  -2008-0128677                    CASE #:PORSC-RE-2008-00246
-----------------------------------------------------------------------
SEL VD                              REPRESENTATION TYPE      DATE
01 0000003766 ATTORNEY:FLAGG, JONATHAN
ADDR:FLAGG LAW, PLLC 93 MIDDLE STREET PORTSMOUTH NH 03801
    F FOR:THE BANK OF NEW YORK TRUST COMPANY      PL        RTND   11/14/2008

02 0000001926 ATTORNEY:TURESKY, DAVID S
ADDR:477 CONGRESS STREET STE 400 PORTLAND ME 04101-3409
    F FOR:CONNIE TAGGART                          DEF       RTND   12/17/2008
    F FOR:IAN LANE                                PII       RTND   12/17/2008

            Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.