Barbara JENSEN

v.

AUGUSTA MENTAL HEALTH INSTITUTE, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs April 24, 1990.
Decided May 17, 1990.

David J. Corson, Yarmouth, Anne H. Cressey, Portland, for plaintiff.

James E. Tierney, Atty. Gen., Linda Sibery Crawford, Asst. Atty. Gen., Augusta, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY * and COLLINS, JJ.

---

\* Hornby, J. sat at oral argument and participated at conference but resigned prior to issuance of this opinion.

COLLINS, Justice.

Acting for herself and as personal representative of the estate of Roger Dugas, Barbara Jensen, the mother of the decedent, appeals from the dismissal by the Superior Court (Cumberland County, *Alexander, J.*) of her wrongful death action against Augusta Mental Health Institute ("AMHI"). The Plaintiff argues that the Superior Court erred by determining that AMHI is protected from suit by the governmental immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8103 (1980 & Supp.1989). We disagree.

The only question before us is whether the Plaintiff's complaint alleges facts that fit her claims within the "Public Building" exception to the bar of governmental immunity that is established by 14 M.R.S.A. § 8104–A(2) (Supp.1989). Section 8104–A(2) states, in relevant part: "A governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building." The complaint alleges that on May 1, 1988, the decedent, a patient at AMHI, hanged himself from a ceiling pipe with his bed sheet. The complaint further alleges that in April, 1988, medical personnel at AMHI knew or had reason to know of the decedent's self-destructive condition, negligently placed the decedent in a closed room containing all of the instruments necessary for him to hang himself, and negligently failed to monitor and supervise the decedent adequately, thereby permitting him to commit the suicidal act. We conclude that these allegations do not place the Plaintiff's complaint within the public buildings exception.

In *Darling v. Augusta Mental Health Institute*, 535 A.2d 421, 423 (Me.1987), we rejected an appellant's contention that his complaint, which alleged that AMHI had "negligently promulgated procedures for diagnosing and retaining patients and ha[d] negligently trained its personnel involved in such diagnosis," established a claim falling within the "construction, operation, or maintenance of any public building or the appurtenances thereto" language of the public building exception. *Id.* at 424. Noting that courts strictly construe any exception to governmental tort claims immunity, *Clockedile v. State Department of Transportation*, 437 A.2d 187, 189 (Me.1981), we stated: "Under no reasonable analysis would AMHI's alleged wrongful training and promulgation of rules constitute the operation of a public building. *Cf.* 34 M.R.S.A. § 1 (1978) (distinguishing mental health department's authority to manage and control 'buildings and property' from its authority to care for 'patients and inmates')." (Parenthetical in original).

AMHI's practices of monitoring and supervising its patients, like its diagnostic and admission practices at issue in *Darling*, fall within AMHI's authority to care for its patients, not its authority to operate or maintain its buildings and property. Further, we find that paragraph 20 of the complaint, which states that AMHI placed the decedent in a room containing all of the items needed to commit suicide, "including exposed ceiling pipes, bed sheets, a tall bureau and a closed door," cannot reasonably be read as an allegation of negligent architectural design. The complaint contains no claim that *all* of the rooms in the hospital are designed with exposed pipes and closable doors, or that the building was constructed with knowledge or intent to place potentially suicidal patients in such rooms. We conclude that the real allegation of negligence in paragraph 20 concerns the decision of the medical staff to place the decedent in such a room. The decision where to place a patient is clearly a decision arising from the hospital's authority to care for patients, not the state's authority to design and construct buildings. Therefore there was no error in the Superior Court's dismissal of the Plaintiff's complaint.

The entry is:

Judgment affirmed.

All concurring.