2003 ME 24

**Penny LIGHTFOOT et al.**

v.

**SCHOOL ADMINISTRATIVE DISTRICT NO. 35.**

Supreme Judicial Court of Maine.

Argued: Nov. 14, 2002.
Decided: Feb. 28, 2003.

Julian L. Sweet (orally), Lewiston, for plaintiff.

Jeffrey T. Edwards (orally), Preti Flaherty Beliveau Pachios & Haley, L.L.C., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Penny Lightfoot, as next friend of Cody Lightfoot, appeals from a summary judgment entered in the Superior Court (York County, *Brennan, J.*) in favor of School Administrative District No. 35. Lightfoot's complaint, filed against S.A.D. No. 35, Thomas Ward, and Matthew Rix,[1] alleges that Cody sustained injuries as a result of the defendants' negligence in permitting running drills to take place in the hallways of Marshwood High School. She contends that allowing running drills in the High School constitutes the operation of a public building and, pursuant to 14 M.R.S.A. § 8104–A(2) (Pamph.2002) of the Maine Tort Claims Act, S.A.D. No. 35 is not immune from liability for its negligent acts. We are unpersuaded by Lightfoot's arguments and affirm the judgment.

[¶ 2] Cody was a student at Marshwood High School and a member of the school's Varsity Wrestling team. During wrestling practice on February 1, 1999, Coach Rix orchestrated a series of timed relay races as part of the team's warm-up routine. The team divided into two squads, and one member from each squad prepared to race through the High School's hallways and corridors.[2] Cody and a teammate were the first pair of runners to compete.

[¶ 3] While racing, Cody and the teammate approached a fire door opening on the second floor that separated corridors. The opening, which was narrower than the corridor, could be closed by two doors that

---

1. S.A.D. No. 35 administers Marshwood High School. Thomas Ward was the principal of Marshwood High School, and Matthew Rix was the head coach of the Varsity Wrestling team.

2. During the 1998–99 school year, the wrestling team and other varsity teams often used the empty hallways and corridors to practice and train.

each contained two panes of reinforced glass separated by mesh wiring. As the runners neared the fire door opening, the teammate bumped Cody, which caused Cody to veer left and put out his left arm to stop his momentum. Rather than slowing him down, Cody put his left arm through the glass window on the side of the open fire door and suffered serious injuries as a result.[3]

[¶ 4] Following the accident, Lightfoot filed a lawsuit on behalf of Cody against Rix, Ward, and S.A.D. No. 35, alleging that defendants were negligent in permitting the wrestling team to competitively race through the High School's corridors. In response, the defendants collectively filed a motion for a summary judgment, arguing they were entitled to absolute governmental immunity in accordance with 14 M.R.S.A. § 8103(1) (1980) and § 8111(1)(C) (Pamph.2002).

[¶ 5] The Superior Court entered a summary judgment in favor of all the defendants, concluding that the wrestling practice drills did not constitute the operation of a public building, and that the defendants were entitled to discretionary function immunity. Lightfoot now appeals the Superior Court's determination that her complaint focuses on the supervision of individuals rather than the operation of Marshwood High School. She does not challenge the judgments in favor of Ward and Rix based on discretionary function immunity pursuant to section 8111(1)(C).

[¶ 6] On appeal from the grant of a summary judgment, we consider only the portions of the record referred to, and the material facts set forth, in the M.R. Civ. P. 56(h) statements to determine whether there is no genuine issue as to any material fact and whether the successful party is entitled to judgment as a matter of law. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. We examine the facts in the light most favorable to the nonmoving party. *Johnson v. Carleton*, 2001 ME 12, ¶ 11, 765 A.2d 571, 575.

[¶ 7] As a general rule, the Maine Tort Claims Act (MTCA) provides governmental entities with absolute immunity from suit for any tort action for damages. 14 M.R.S.A. § 8103(1).[4] As one of four exceptions, governmental entities are liable for the negligent "operation" of any "public building." 14 M.R.S.A. § 8104–A(2).[5] Exceptions to absolute immunity are narrowly construed. *Thompson v. Dep't of Inland Fisheries & Wildlife*, 2002 ME 78, ¶ 5, 796 A.2d 674, 676 ("[T]he MTCA employs an 'exception to immunity' approach rather than an 'exception to liability' approach.") (internal quotations and citations omitted). Lightfoot contends that permitting relay races in Marshwood High School hallways constitutes the operation of a public building.

[¶ 8] A public high school building is a "public building" within the mean-

---

3. At the time of the accident, no rule or regulation prohibited athletic training in the hallways or corridors of the High School. Since the accident, the High School has prohibited athletic training in the school's hallways.

4. Title 14 M.R.S.A. § 8103(1) specifically provides:

    1. **Immunity.** Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages.

When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.

5. Title 14 M.R.S.A. § 8104–A(2) provides in pertinent part:

    2. **Public buildings.** A governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building.

ing of the statute. *See Lynch v. Town of Kittery*, 677 A.2d 524, 524–25 (Me.1996). The public building exception in section 8104–A(2) applies only to "the State's acts in the care or operation of its buildings and property, not to the State's care or supervision of people in its charge." *ABT & A Co. v. State*, 644 A.2d 460, 460 (Me. 1994).[6]

[¶ 9] The failure to prevent the escape of prisoners from a correction facility does not constitute the operation of a public building. *ABT & A Co.*, 644 A.2d at 460. Nor is the negligent promulgation of procedures for diagnosing and retaining mental patients in a state hospital the operation of a public building. *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 424 (Me.1987).

[¶ 10] In a case similar to this one, the Augusta Mental Health Institute (AMHI) placed a patient in a closed room where he hanged himself from a ceiling pipe with his bed sheet. *Jensen v. Augusta Mental Health Inst.*, 574 A.2d 885, 886 (1990). The plaintiff contended that AMHI knew or had reason to know of the decedent's self-destructive condition and that the State was liable for the death pursuant to the operation of a public building exception. *Id.* We concluded that the operation of a public building exception to immunity did not apply to the allegations that the decedent was negligently placed in a closed room with the instruments necessary to hang himself because "AMHI's

practices of monitoring and supervising its patients . . . fall within AMHI's authority to care for its patients, not its authority to operate or maintain its buildings or property." *Id.* The plaintiff's claim included an allegation of negligent architectural design of the AMHI building, which we concluded was also outside the public buildings exception. *Id.*

[¶ 11] In this case, it is not the operation of the Marshwood High School building by S.A.D. No. 35 that is the focus of Cody's complaint. Rather, it is the manner in which the wrestling team was permitted to run through school hallways during their after-school practices. Cody's argument faults the High School's failure to enact a rule or regulation to prohibit the use of hallways and corridors for indoor running. The operation of a public building exception to immunity, however, must implicate the physical structure of the public building and involve more than passive conditions. *E.g., Jensen*, 574 A.2d at 886 ("The decision where to place a patient is clearly a decision arising from the hospital's authority to care for patients, not the state's authority to design and construct buildings."); *Darling*, 535 A.2d at 423–25 (holding that wrongful training of personnel and promulgation of rules does not constitute the operation of a public building).[7] Lightfoot does not argue that the hallways, the fire door openings, or the fire doors were physically operated in an unsafe manner, or improperly maintained.

---

6. *See Adriance v. Town of Standish*, 687 A.2d 238, 240–41 (Me.1996) (operation of waste station vehicle back up area constitutes operation of a public building); *see also Lynch v. Town of Kittery*, 677 A.2d 524, 525 (Me.1996) (failure to lock outside school doors allowing entry into building constitutes operation of a public building).

7. The plaintiff in *Darling* contested the dismissal of her negligence claim against AMHI

arising out of her son's murder of his wife after he was discharged from AMHI, and his subsequent suicide while an inmate awaiting trial. 535 A.2d at 423–25. Plaintiff argued that AMHI negligently promulgated procedures for diagnosing and retaining patients, and likewise negligently trained their personnel involved in such diagnoses. *Id.* at 424. We held that wrongful training and promulgation of rules, without more, does not constitute the "operation" of a public building. *Id.*

Similar to the plaintiffs' arguments in *Darling* and *Jensen*, Lightfoot's assertions focus on the supervision of the students, and not on the State's actual maintenance or operation of the High School building.

[¶ 12] Even when viewed in the light most favorable to Lightfoot, S.A.D. No. 35's allowing the wrestling team to run through the High School's hallways does not qualify as the operation of a public building. The Superior Court correctly concluded that S.A.D. No. 35's failure to prohibit the wrestling team from using the school hallways for practices is not the "operation" of a public building. Accord-ingly, we need not address Lightfoot's contention that the Superior Court erred in concluding that S.A.D. No. 35 is protected by discretionary immunity pursuant to 14 M.R.S.A. § 8104–B(3) (Pamph.2002).

The entry is:

Judgment affirmed.