STATE OF MAINE                                          SUPERIOR COURT
                                                         CIVIL ACTION
YORK, ss.                                               DOCKET NO. CV-07-377


STUART EMMONS, et al.,                          DONALD L. GARBRECHT
                                                         LAW LIBRARY
                     Plaintiffs
                                                           ⸱ ⸱ ◌ 2008

       v.                              **ORDER**


PINE SPRINGS DEVELOPMENT
CORP., et al.,

                     Defendants


       This matter comes before the Court on Defendant Pine Springs Development

Corp.'s (PSDC) Motion for Summary Judgment pursuant to M.R. Civ. P. 56 of Counts I

and II of the Plaintiffs Stuart Emmons and Melissa Uhl's (Plaintiffs) Complaint.

Following hearing, the Motion is Granted.

## BACKGROUND

       Plaintiffs are the former owners of 45 Royal Coachman Way (Property) in the

Pine Springs Subdivision (Subdivision) in the Town of Shapeleigh, Maine. Plaintiffs

purchased the property by warranty deed in April 2000. Between 1968 and 2005, PSDC

developed and sold lots within the subdivision and provided water, road maintenance

and services to owners in the subdivision. Properties that sold within the subdivision

were subject to certain covenants and restrictions that run with the land. For example,

a lot owner is required to pay an annual fee to PSDC "its authorized agent, its

successors, and assigns" for a water system. Additionally lot owners agreed by deed to

pay an annual fee "to the grantor, its successors and assigns," for the right to enjoy certain benefits of the subdivision, including road maintenance.

In 2005, PSDC asserts that it transferred and assigned to Defendant Pine Springs Roads and Water, LLC (LLC) all rights and responsibilities related to the Subdivision.[1] Prior to this transfer, PSDC supplied water to the Property. After the transfer, LLC controlled the supply of water to the Subdivision.

Plaintiffs assert (in their Complaint, but not in their Additional Statement of Material Facts) that Plaintiff Melissa Uhl had significant disabilities for which water was essential to treatment. Plaintiffs further argue in their Opposition to Summary Judgment (but not in their Complaint or Additional Statement of Material Facts) that Plaintiffs were financially vulnerable and that PSDC representatives were aware of those disabilities. From 2000 through the transfer of rights to LLC in 2005, PSDC allowed some flexibility in payments between Plaintiffs and PSDC for water. Subsequent to the transfer of rights and pursuant to a disagreement over billing between Plaintiffs and LLC, LLC shut off Plaintiffs' water. In 2006, the Public Utilities Commission (PUC) investigated LLC and determined that they were a "public utility" and subject to 35-A M.R.S.A. §§ 102 et. seq. PSDC was not a party to the PUC investigation, nor has PSDC been classified as a "public utility."

## DISCUSSION

### I.     Summary Judgment Standard

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c);

---

[1]     Plaintiffs oppose this statement of fact and assert that PSDC retained some interest in LLC and control of the utilities of the Subdivision. The Court does not deem this potentially disputed fact material because the Complaint ¶10 asserts that Defendants LLC and the Fishers had exclusive control of the water to the Property.

2

*see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

A party opposing a motion for summary judgment must support its statement of material facts by a record citation. M.R. Civ. P. 56(h)(2). The opposing party may not "rest upon the mere allegations or denials of that party's pleading, but must respond by affidavits or as otherwise provided by this rule, setting forth specific facts showing that there is a genuine issue for trial." M.R. Civ. P. 56(e). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R Civ. P. 56(h)(4). The court is entitled to disregard any "statement of fact not supported by a specific citation to the record . . . ." *Id.* When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of [his] cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845.

## II. Duty of Care

The existence of a duty of care owed by a defendant to a plaintiff is a question of law for the court. *Bryan R. v. Watchtower Bible and Tract Soc'y of New York, Inc.*, 1999 ME 144, ¶ 11, 738 A.2d 839, 844. It is well settled that:

> [t]here does not exist a general obligation to protect others from harm not created by the actor. The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action. In other words, the mere fact that one individual knows that a third party is or could be

3

dangerous to others does not make that individual responsible for controlling the third party or protecting others from danger.

*Id.* ¶ 12, 738 A.2d at 844 (*citing* Restatement (Second) of Torts § 314 (1965) (internal quotations omitted).

The exception to this rule is where there exists a special relationship wherein the relationship is "protective by nature, requiring the defendant to guard his charge against harm from others" *Id.* ¶ 13, 738 A.2d at 844 (citations omitted). "[A]bsent a special relationship, the law imposes no duty to act affirmatively to protect someone from danger unless the dangerous situation was created by the defendant." *Id.* ¶ 14 738 A.2d at 845 (citations omitted).

### a. Count I: Breach of Fiduciary Duty

Plaintiffs assert that PSDC assumed a special relationship with Plaintiffs by virtue of the covenants associated with the deed to the property and because Plaintiffs allege that PSDC had knowledge of Plaintiffs specific vulnerabilities. Those vulnerabilities include financial difficulties and physical disabilities. Accordingly, Plaintiffs bring a claim for breach of fiduciary duty.

"A fiduciary relationship has been described as something approximating business agency, professional relationship, or family tie impelling or inducing the trusting party to relax the care and vigilance ordinarily exercised."[2] *Id.* ¶ 18, 738 A.2d at

---

[2] The elements of a fiduciary relationship are:

(1) the actual placing of trust and confidence in fact by one party in another, and
(2) a great disparity of position and influence between the parties at issue.

. . . it does not arise merely because of the existence of kinship, friendship, business relationships, or organizational relations. A fiduciary duty will be found to exist, as a matter of law, <u>only</u> in circumstances where the law will recognize both the disparate positions of the parties <u>and</u> a reasonable basis for the placement of trust and confidence in the superior party in the context of specific events at issue (emphasis added).

*Bryan R.,* 1999 ME 144, ¶ 19& 20, 738 A.2d 846 (citations and quotations omitted).

4

846 (quotations and citations omitted). Plaintiffs have the burden of persuasion regarding the existence of a special relationship. *See Ruebsamen v. Maddocks*, 340 A.2d 31, 34 (Me. 1975). Plaintiffs must also "set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship." *Bryan R.*, 1999 ME 144, ¶ 17, 738 A.2d at 847.

In this case there is no evidence before the Court of any relationship between the parties other than the obligations owed pursuant to the deed entered into in 2000. Plaintiffs argue a special relationship in their Opposition to Summary Judgment, but the specifics of that relationship were not plead or entered in Plaintiffs' Additional Statement of Material Facts. Accordingly, there is no evidence of a special relationship before the Court.[3] Because the Court deems that no special relationship exists between the parties, Count I: Breach of Fiduciary Duty cannot lie.

### b. Count II: Negligence

Plaintiffs further argue that PSDC breached their duty to Plaintiffs to provide certain services and take actions in accordance with the restrictions referenced in Plaintiffs' deed. As stated above, there is no general duty to protect someone from the wrongdoing of others. *Bryan R.*, 1999 ME 144, ¶ 12, 738 A.2d at 844. Whether a duty does exist:

> involves the question of whether the defendant is under any obligation for the benefit of the particular plaintiff. Where a court imposes a duty in a negligence case, the duty is always the same - - to conform to the legal standard of reasonable conduct in the light of the apparent risk.

*Trusiani v. Cumberland and York Distributors, Inc.*, 538 A.2d 258, 261 (Me. 1988).

---

[3] It should be noted, however, that even if all that Plaintiffs argued in their Opposition were in evidence, it would still be insufficient to establish a *prima facie* existence of a special relationship.

Moreover, it is the "duty from the person inflicting the injury, to the person on whom it was inflicted, and that such obligation or duty was violated by a want of ordinary care on the part of the defendant" which gives rise to liability. *Foley v. H. F. Farnham Co.*, 188 A. 708 (Me. 1936) (citations omitted). In this case there are no allegations or facts in the record indicating that PSDC inflicted the injury. The only duty alleged was the duty to provide certain essential services including the provision of water. The duty to supply water was transferred to Defendant LLC in 2005. See Complaint ¶ 10. Accordingly, an action in negligence against PSDC cannot lie.

## CONCLUSION

Summary Judgment is granted to PSDC on Counts I and II of the Complaint.

Dated:     June 16, 2008

G. Arthur Brennan
Justice, Superior Court

cc:   Frances Lindemann, Esq. - PLS
      William S. Kany, Esq. - DEF - Pine Springs Development Corp.
      John McVeigh, Esq. - DEFS - Pine Springs Roads & Water LLC, Robert Fisher,
                              Christopher J. Fisher & Elizabeth Fisher

6