STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
Location: Augusta
Docket No.: CV-13-5
MMM - KEN - 2/18/14

)
KELLEY MALONEY,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              )     **ORDER ON MOTION FOR SUMMARY**
                                    )              **JUDGMENT**
MAINEGENERAL, HEALTH, INC.,         )
                                    )
            Defendant               )
                                    )

Before the Court is the motion for summary judgment of Defendant MaineGeneral

Health, Inc. (MGH) on the sole count of Plaintiff Kelley Maloney's complaint: employment

discrimination in violation of the Maine Human Rights Act (MHRA), 5 M.R.S. §§ 4551-4634

(2013). Maloney is an operating room (OR) nurse who has a latex allergy. Maloney alleges

that MGH failed to reasonably accommodate her disability by not providing her with an

environment free of latex gloves.[1] Because issues of material fact remain that must be resolved

by a fact finder, the Court must deny the motion for summary judgment.

### FACTUAL BACKGROUND

The following facts are undisputed except where noted. *See DeCambra v. Carson*, 2008

ME 127, ¶ 2, 953 A.2d 1163.

***Plaintiff's hiring at MGH.*** MGH hired Maloney as a surgical technician in the OR

effective December 28, 2010. During her pre-employment physical, Maloney disclosed a

---

[1] MGH's motion at some points refers to Maloney's need for a completely latex free environment, as that was Maloney's doctor's recommendation after her departure from MGH. One of MGH's arguments in support of summary judgment asserts that a latex free environment is not possible and thus not a reasonable accommodation. (MSJ 15-16.) Nevertheless, the claim as stated in Maloney's complaint only is related to not accommodating Maloney by providing an environment free of latex gloves, and any argument about failing to accommodate based on a completely latex free environment is misplaced.

1

sensitivity to latex but did not state she had any respiratory issues from latex exposure. Maloney requested that MGH provide her with latex-free surgical gloves and a hypoallergenic mask upon hire.

*MGH's use of latex gloves.* MGH did not use powdered latex gloves; the majority of MGH OR staff used latex-safe gloves, i.e., powder-free, low-protein surgical gloves containing latex.[2] MGH made latex-free gloves available to anyone who wanted to use them, and required their use with patients allergic or sensitive to latex.

*Plaintiff's asthma attacks.* MGH did not provide Maloney with a hypoallergenic mask at first. Instead, MGH asked her to try on of their stocked masks first. Maloney experienced an asthma attack after about 10 minutes of wearing one of the stocked masks, which did not contain latex; thereafter, MGH ordered hypoallergenic masks for Maloney.

On January 14, 2011, approximately a week after she began working in the OR, Maloney was helping a surgeon put on latex-safe gloves when she experienced an asthma attack.[3] Maloney herself was wearing a hypoallergenic mask and latex-free gloves. Maloney left the OR and utilized her inhalers to quell the attack.

*Plaintiff's subsequent diagnosis and requested accommodation.* Maloney saw Dr. Kenneth McKenzie at MGH's Workplace Health office on the same day of her attack. Dr. McKenzie diagnosed Maloney with irritant bronchitis related to aerosolized latex exposure and recommended she be removed from any exposure to aerosolized latex, but noted there were no objective allergy tests done. MGH found work for Maloney outside the OR until she could be seen by her own doctor.[4]

---

[2] Maloney objects as to foundation, without any explanation, but otherwise admits this statement of material fact.

[3] Maloney denies this statement, but the denial goes only to *when* Maloney learned that the gloves were latex-safe.

[4] Maloney objects to a portion of this statement of material fact not included within the Court's recitation of facts.

2

On January 20, 2011, Maloney saw her primary care physician, Dr. Daniel Gott. Dr. Gott concluded the asthma attack was connected to exposure to the surgeon's gloves because of the timing, Maloney's known sensitivity to latex, and lack of other asthma inducing triggers. Dr. Gott wrote a note to MGH on behalf of Maloney that stated Maloney "may return to work in the operating room however needs to have an environment free of latex gloves which is really standard of care in modern hospitals today due to the high prevalence of latex allergy in healthcare workers." When MGH sought clarification, Dr. Gott stated that Maloney should not be in an OR when those scrubbed in for surgery were using latex gloves. There is a dispute over whether Dr. Gott knew that MGH was utilizing latex-safe gloves when he gave this diagnosis/opinion, and thus whether his diagnosis was sufficient to substantiate Maloney's need for accommodation.

MGH, for its part, questioned whether Maloney had reacted to latex-safe gloves, and if she had, also questioned whether the elimination of latex gloves alone would be sufficient accommodation because of other sources of latex. Accordingly, MGH asked Maloney to undergo allergy testing at her own expense. Maloney consulted with Dr. Gott before undergoing allergy testing, but what Dr. Gott said and recommended is a matter of dispute. Maloney told MGH she would undergo the testing if MGH paid for it, but at this time, MGH would not pay for the testing. Maloney chose not to undergo allergy testing.

*MGH's investigation into the requested accommodation and determination on requested accommodation.* In investigating Maloney's requested accommodation, MGH polled 21 surgeons regarding switching to latex-free gloves in the OR. Generally, the surgeons did not wish to use latex-free over latex-safe gloves because the fit and tactile sensation was better in latex-safe gloves, and expressed barrier concerns over switching to latex-free.[5] MGH

---

[5] Maloney objects that these statements are hearsay but otherwise admits the statements of material facts.

3

determined it could not reasonably make the OR an "environment free of latex gloves" as recommended by Dr. Gott, although Maloney notes his recommendation applied only to times when she was present in the OR.

MGH informed Maloney that they could not reasonably accommodate the restriction recommended by Dr. Gott in the OR, but would work to find her another position in the system where she would not be exposed to latex gloves. The parties dispute whether Maloney was offered another position, or if she had to apply for another open position within the hospital. As alternative reasonable accommodations, Maloney suggested that she wear a "Stryker hood" for surgery, and that the OR need only be free of latex gloves when she was scrubbing in. Ultimately, Maloney's employment at MGH ceased on February 18, 2011, and she later began work at Inland Hospital.

*Offer of reinstatement.* The parties agree that MGH made an unconditional offer of reinstatement to Maloney on November 9, 2011. The offer was for her previous position, but now with the requested accommodation: an environment free of latex gloves. Maloney did not respond until December 5, 2011. At that time, Maloney informed MGH through counsel that four weeks prior she had had an adverse reaction to a latex foley catheter. Maloney was trying to schedule an appointment with Dr. Gott to get his recommendations on any further accommodations needed and could not respond to the offer until she did so. Maloney was also concerned that working at MGH would be too stressful and hostile, although this reason was not reported to MGH.

Based on Maloney's reaction to the latex catheter, Dr. Gott restricted Maloney to a latex free environment, an accommodation that Inland Hospital was able to provide to her. MGH was concerned whether it could in fact offer a latex-free environment, and offered to pay for Maloney to visit an allergist to determine whether Maloney "could safely perform the essential

4

functions of her job with the accommodation of being excused from any procedures known to contain latex." Again, Maloney did not see an allergist, although the parties dispute the legal consequence of that fact.

## PROCEDURAL BACKGROUND

Maloney filed suit on January 7, 2013, after completing all the statutorily prescribed requirements for asserting an MHRA claim. *See* 5 M.R.S. § 4611-12. Maloney alleges that MGH's "conduct in refusing to accommodate [her] disability was an action of intentional employment discrimination in violation of the MHRA." (Compl. ¶ 14.) MGH filed the present motion on November 4, 2013, and the Court heard oral argument on February 6, 2014.

Along with the opposition to the motion, Maloney filed a motion in limine to exclude the expert testimony of Dr. Theodore Them, who submitted an affidavit in support of MGH's motion for summary judgment. The motion in limine challenges Dr. Them's testimony based on competency, personal knowledge, relevance, and the scope of the expert witness designation. In the present motion, Maloney objects to MGH's statements of material fact that cite his affidavit and incorporates the arguments made in the motion in limine. Because the Court concludes that the Them affidavit does not affect the disposition of the motion, the Court does not address Maloney's objections any further in this order. The parties' arguments with respect to the Them affidavit will be addressed in the context of the motion in limine.

## STANDARD OF REVIEW

In order for a party to obtain summary judgment, there must be no genuine dispute as to any material fact and the party must show it is entitled to judgment as a matter of law. *See* M.R. Civ. P. 56(c). For purposes of summary judgment, a "material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. A factual issue is genuine when there is sufficient supporting evidence that would "require a fact-finder to

5

choose between competing versions of the truth at trial." *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745 (quotation marks omitted). A party with the burden or proof wishing to avoid summary judgment must present a prima facie case for each claim or affirmative defense asserted. *See Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.*, 2005 ME 29, ¶ 9, 868 A.2d 220.

At this stage, the facts in the summary judgment record are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18.

## DISCUSSION

The MHRA prohibits disability discrimination in employment, 5 M.R.S. § 4572, and defines discrimination to include the failure to make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability, whether the individual is an applicant or an employee. 5 M.R.S. § 4553(2)(E), (F). In an employment discrimination case pursuant to the MHRA, the employee must show "(1) he has a disability; (2) he is otherwise qualified, with or without reasonable accommodations, to perform the essential functions of his job; and (3) his employer adversely treated him based in whole or in part on his disability." *Daniels v. Narraguagus Bay Health Care Facility*, 2012 ME 80, ¶ 14, 45 A.3d 722.

In a typical employment discrimination case, the plaintiff relies on circumstantial evidence of discrimination to prove her case, and at summary judgment the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), applies. *See Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 14, 824 A.2d 48. The second and less common type" of employment discrimination case "involves direct evidence, evidence that unambiguously implicates a disability discrimination motive." *Patten v. Wal-Mart Stores E., Inc.*, 300 F.3d 21, 25

6

(1st Cir. 2002); *cf. Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 14, -- A.3d --- (discussing the standard for a case presenting direct evidence of discrimination).

From the parties' pleadings and arguments at the hearing on this matter, it is not clear which theory Maloney is pursuing. MGH, for its part, does not rely on the burden-shifting framework. Instead, MGH's motion focuses on two discrete issues: the reasonableness of the accommodation sought by Maloney, and the tolling of damages after the offer of reinstatement. Typically, a plaintiff must present prime facie evidence of each element of the cause of action for which she has the burden to survive a motion for summary judgment. *See Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220. But when a defendant is only challenging certain issues, the plaintiff need only present a prime facie case for those elements actually challenged by the defendant. *See Corey v. Normon, Hanson & DeTroy*, 1999 ME 196, ¶ 9, 742 A.2d 933.

The parties do not dispute that Maloney's latex allergy could at least qualify as a disability and that her disability prevents her from performing the essential functions of an OR technician without accommodation. Accordingly, the Court addresses only those elements challenged by MGH in its motion for summary judgment.

## I. Reasonable Accommodation

The parties focus their arguments almost entirely on whether Maloney substantiated her need for reasonable accommodation and whether MGH made reasonable accommodations for her allergy. Pursuant to the MHRA, reasonable accommodation

may include, but is not limited to:

> **A.** Making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
>
> **B.** Job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities.

7

5 M.R.S. § 4553(9-A).

> In order to prove "reasonable accommodation," a plaintiff needs to show not only that the proposed accommodation would enable her to perform the essential functions of her job, but also that, at least on the face of things, it is feasible for the employer under the circumstances. If plaintiff succeeds in carrying this burden, the defendant then has the opportunity to show that the proposed accommodation is not as feasible as it appears but rather that there are further costs to be considered, certain devils in the details.

*Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 259 (1st Cir. 2001). *See also Doyle*, 2003 ME 61, ¶ 14 n.7, 824 A.2d 48 ("[B]ecause the MHRA generally tracks federal anti-discrimination statutes, it is appropriate to look to federal precedent for guidance in interpreting the MHRA." (quotation mark omitted)). It is a defense to employment discrimination when "a disability has been shown to be job-related and consistent with business necessity, and such performance can not be accomplished by reasonable accommodation." 5 M.R.S. § 4573-A(1).

## A. *Substantiation of the requested accommodation*

First, MGH argues that Maloney failed to substantiate her need for accommodation, i.e., an environment free of latex gloves, because she did not submit to allergy testing. (MSJ 9-12.) MGH asserts there is no objective, medical evidence that exposure to latex caused Maloney's asthma attack, and only allergy testing could have revealed what type of accommodation MGH was required to take. Maloney asserts that she substantiated her need for accommodation with two notes from two separate doctors: Dr. Gott and Dr. McKenzie. (Opp'n MSJ 6-9.)

Here, the discussion in *Willinghan v. Town of Stonington*, 847 F. Supp. 2d 164, 189 (D. Me. 2012), is instructive:

> The Town is certainly correct that an employee cannot demand an accommodation and then fail or refuse to provide the employer with information critical to determining whether the accommodation is necessary and reasonable. This is especially true when the parties are attempting to engage in the "interactive process" contemplated by the ADA, which requires participation by both parties. At the same time, if there is a dispute between the parties as to whether the breakdown in the interactive process was caused by the employee's failure to produce medical reports or the employer's failure to ask for them, the

8

factual dispute must be resolved by a factfinder, which precludes summary disposition.

(Citation omitted). The court then determined that issues of material fact over whether accommodations were requested and what the employee's doctor recommended as accommodations precluded summary judgment. *Id.* at 189.[6]

Here, MGH at least initially accepted that Maloney had a latex sensitivity, as indicated in her pre-hiring physical. In addition to the physical, after the asthma attack, Maloney had notes from two separate doctors indicating an allergy or reaction to latex. The note from Dr. Gott recommended an environment free from latex gloves. Although MGH questions the parameters of Maloney's allergy, its arguments only underscore the issues of material fact that must be evaluated by a factfinder. *See Willinghan*, 847 F. Supp. 2d at 189. At a minimum, Maloney has made a prime facie showing that she substantiated her claim. Summary judgment on this basis is not appropriate. *See Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220.

MGH also attacks the reliability of Dr. Gott's testimony because he was not aware that Maloney's alleged exposure to latex from the surgeon's gloves was in fact from "latex safe" gloves, calling into question whether the asthma attack in the OR was in fact from latex. This argument, however, goes to the credibility of Dr. Gott and the weight of his testimony; it only creates further issues of material fact. *See Garland v. Roy*, 2009 ME 86, ¶ 22, 976 A.2d 940 (explaining the factfinder must evaluate the weight of opinion testimony); *DiCentes v. Michaud*, 1998 ME 227, ¶ 17, 719 A.2d 509 ("Judging the credibility of witnesses is within the exclusive province of the factfinder.").

---

[6] It is true that the MHRA does not contain the "interactive process" contemplated by the ADA, *see Kazer v. Cent. Me. Med. Ctr.*, 2012 ME 54, ¶¶ 26-27, 40 A.3d 955, but the substance of the analysis in *Willinghan* was to the substantiation of the disability and need for reasonable accommodation, not to the interactive process itself. 847 F. Supp. 2d at 189.

**B.** *Reasonableness as a matter of law*

Next, MGH asserts that the requested accommodation is unreasonable as a matter of law because it was reasonable for MGH to defer to its surgeons' preference and there was no guarantee it would been an effective accommodation. (MSJ 12-15.)

With respect to surgeon preference, MGH alleges that when Maloney requested her accommodation of an environment free from latex gloves, it investigated the possibility with the surgeons. The majority of surgeons, however, expressed a preference for the latex-safe gloves because of increased tactile feedback during surgery. Because the surgeons wanted to continue using latex safe gloves, it was not reasonable to mandate a change to latex free overnight without surgeon cooperation—such a change would have been an undue hardship on MGH.

Maloney attacks the evidence regarding surgeon preference as double hearsay (Opp'n MSJ 9), but also asserts that the evidence in the record shows that use of latex-free gloves was a reasonable accommodation. The record shows that surgeons at MGH were able to accommodate patients with latex allergies by utilizing latex free gloves during surgery. The record also contains evidence that Maloney had worked at numerous other hospitals during her career and all those places have been latex free. Finally, the record also shows that Inland Hospital, where Maloney worked after MGH, was able to accommodate her latex allergy in its OR by excusing Maloney from the room when latex items must be used.

The practices of other hospitals are not necessarily the best evidence of whether MGH could have made the same reasonable accommodations because MGH's argument goes to the hardship of implementing those changes, not whether they were within the realm of possibility. Nevertheless, the fact that MGH accommodated patients with latex allergies indicates that the same accommodation could have been made for Maloney. Moreover, accommodating

10

Maloney would not have required a wholesale switch of all surgeons to latex-free gloves as MGH suggests; the accommodation sought was only for when she was in the OR.

With respect to the effectiveness of the accommodation, MGH points out that Maloney had a reaction to a latex catheter after her departure from MGH, and thus only providing an environment free from latex gloves would not have been sufficient to prevent future reactions. Maloney argues, however, that whether MGH could have provided her with a latex free environment is irrelevant. Maloney asserts that the relevant inquiry is to whether MGH could have reasonably accommodated Maloney in January of 2011, citing *Saunders v. Webber Oil Co.*, 2000 WL 1781835, at *6 (D. Me. Nov. 17, 2000).

In the portion cited of *Saunders*, the court was determining whether the employee was disabled at the time of the adverse employment action, not whether the accommodation would have been effective. *See id.* Nevertheless, the Law Court has stated that "a refusal to hire or the firing of an employee because of a handicap must have *a basis at the time of the rejection or dismissal.*" *Plourde v. Scott Paper Co.*, 552 A.2d 1257, 1260 (Me. 1989) (emphasis added); *see also Gilks v. Pine State Trading Co.*, 2012 WL 2861015, at *3 (D. Me. July 10, 2012) ("The relevant point in time from which to review a plaintiff's status as an 'otherwise qualified individual' is when the plaintiff requests and is denied an accommodation, rather than any time after that.") Accordingly, whether the accommodation sought would allow Maloney to effectively perform her job must be evaluated when the adverse action occurred in February 2011. The accommodation sought at that time was an environment free from latex gloves, the accommodation suggested by her doctor. At that time, MGH already had a process in place for patients with latex sensitivities, and thus the accommodation sought is at least feasible. *See Reed*, 244 F.3d at 259. In sum, Maloney has made a prime facie showing in the summary

11

judgment record that the accommodation she sought was not unreasonable as a matter of law at the time of the adverse employment action.

### C. *Offer of reassignment*

Last, MGH argues it satisfied its reasonable accommodation obligation by offering Maloney reassignment (instead of an environment free of latex gloves), but Maloney did not pursue reassignment and left MGH instead. (MSJ 16-18.) Maloney contends that she was not offered reassignment, but was instead given the opportunity to apply for vacant positions that she was qualified to perform. (Opp'n MSJ 12-13.) MGH, however, states that she was not required to compete for another placement; she was offered the position of her choice, but she had to apply for and be qualified for the position. (Reply 7.)

The record is thin as to this issue; there is no information about any available positions within MGH at the time in question that could have accommodated Maloney. *See, e.g., Phelps v. Optima Health, Inc.*, 251 F.3d 21, 27 (1st Cir. 2001) (stating that under the ADA, the employee has the burden of proof for showing that vacant position existed for reassignment as a reasonable accommodation). On the other hand, reassignment is only an appropriate accommodation when the employee cannot be accommodated in her current position to be able to perform the essential functions of that position. *See Warren v. United Parcel Serv., Inc.*, 516 F.3d 93, 100 (1st Cir. 2008) (analyzing the MHRA). Because there are issues of material fact as to whether MGH could accommodate Maloney in the OR technician position, and because reassignment is only appropriate in the absence of accommodation in the employee's current position, summary judgment on this issue would be premature at this time.

## II. Damages

MGH asserts that it is entitled to summary judgment on any claim after November 9, 2011, when it offered Maloney unconditional reinstatement, an that offer that she rejected.

12

MGH argues this rejection tolls the accrual of any liability for backpay, citing *Webber v. International Paper Co.*, 307 F. Supp. 2d 119, 126 (D. Me. 2004), which in turn relies on *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982). (MSJ 18.) Maloney, on the other hand, asserts that a determination of damages is not ripe because there has been no determination of liability. In the alternative, although agreeing that an offer of reinstatement generally cuts off damages for back pay, the accrual of backpay is only tolled in the absence of "special circumstances." "The question of whether 'special circumstances' justify rejection of an offer of reinstatement is essentially a reasonableness test." *Webber*, 307 F. Supp. 2d at 126. Because a reasonableness inquiry is one of fact, Maloney asserts summary judgment cannot enter on this issue.

Issues of material fact prohibit entry of summary judgment on this issue. The parties agree that MGH made an unconditional offer for reinstatement on November 9, 2011, offering her an environment free of latex gloves, but Maloney's circumstances at that time had changed. After Maloney's reaction to a latex foley, a factfinder could conclude that it was objectively reasonable for her to reject the offer of reinstatement, which was only for an environment free of latex gloves, not a completely latex free environment. *See Brady v. Nestor*, 496 N.E.2d 148, 151 (Mass. 1986) ("in order to be eligible . . . for an award of back pay accruing after rejection of a reinstatement offer, an employee must show that the rejection was motivated by circumstances making the rejection objectively reasonable").[7] Because a factfinder could so conclude, summary judgment on this issue is not appropriate. *See Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220.

---

[7] In *Brady v. Nestor*, the Massachusetts Supreme Judicial Court adopted the *Ford Motor Co.* decision to determinations under Massachusetts's anti-discrimination statute regarding offers of reinstatement by an employer to an employee. 496 N.E.2d at 151.

13

## CONCLUSION

Based on the foregoing analysis, the Court must DENY the motion for summary judgment because issues of material fact remain that must be determined by a fact finder. Pursuant to M.R. Civ. P. 79(a), the clerk is instructed to incorporate this order into the docket by reference.

Date: 2/18/14

_____
**Justice, Maine Superior Court**

14

KELLEY MALONEY  - PLAINTIFF
528 HUSSEY HILL ROAD
VASSALBORO ME 04989
Attorney for: KELLEY MALONEY
ARTHUR GREIF  - RETAINED
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

Attorney for: KELLEY MALONEY
CLAIRE JULIAN  - REMOVAL
183 BEACHWOOD AVENUE
KENNEBUNKPORT ME 04046


vs
MAINEGENERAL HEALTH - DEFENDANT
6 EAST CHESTNUT STREET
AUGUSTA ME 04330
Attorney for: MAINEGENERAL HEALTH
KATHARINE I RAND  - RETAINED
PIERCE ATWOOD
MERRILLS WHARF
254 COMMERCIAL ST
PORTLAND ME 04101

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2013-00005


**DOCKET RECORD**

Filing Document: COMPLAINT              Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 01/07/2013

# Docket Events:

01/07/2013 FILING DOCUMENT - COMPLAINT FILED ON 01/07/2013

01/07/2013 Party(s):  KELLEY MALONEY
        ATTORNEY - RETAINED ENTERED ON 01/07/2012
        Plaintiff's Attorney: CLAIRE JULIAN

01/31/2013 Party(s):  MAINEGENERAL HEALTH
        SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/25/2013
        Defendant's Attorney: KATHARINE I RAND

01/31/2013 Party(s):  MAINEGENERAL HEALTH
        ATTORNEY - RETAINED ENTERED ON 01/25/2013
        Defendant's Attorney: KATHARINE I RAND

02/14/2013 Party(s):  MAINEGENERAL HEALTH
        RESPONSIVE PLEADING - ANSWER FILED ON 02/14/2013
        Defendant's Attorney: KATHARINE I RAND

02/14/2013 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 10/14/2013

        ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 02/14/2013
        JOHN  NIVISON , JUSTICE

02/14/2013 ORDER - SCHEDULING ORDER ENTERED ON 02/14/2013

JOHN NIVISON , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

05/07/2013 Party(s): KELLEY MALONEY,MAINEGENERAL HEALTH
ORDER - ORDER FAIL FILE ADR NOTICE ENTERED ON 05/03/2013
JOHN NIVISON , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL                                                    PLTF SHALL ARRANGE FOR
THE FILING OF THE ADR NOTIFICATION ON OR BEFORE 5/15/13.

05/23/2013 Party(s): KELLEY MALONEY
ATTORNEY - REMOVAL ORDERED ON 01/07/2012
Plaintiff's Attorney: CLAIRE JULIAN

05/23/2013 Party(s): KELLEY MALONEY
ATTORNEY - RETAINED ENTERED ON 01/07/2013
Plaintiff's Attorney: ARTHUR GREIF

06/14/2013 Party(s): KELLEY MALONEY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/14/2013
Plaintiff's Attorney: ARTHUR GREIF
PLTF'S CONSENT MOTION TO ENLARGE ADR AND JURY TRIAL DEADLINES

06/18/2013 ASSIGNMENT - SINGLE JUDGE/JUSTICE RECUSED ON 06/17/2013
JOHN NIVISON , JUSTICE

06/18/2013 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 06/18/2013
M MICHAELA MURPHY , JUSTICE

06/18/2013 Party(s): KELLEY MALONEY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/17/2013
JOHN NIVISON , JUSTICE
COPIES TO PARTIES/COUNSEL                                          COMPLETE ADR BY
9/14/13, PLTF'S JURY FEE BY 10/14/13, DEFT'S JURY FEE BY 10/24/13.

07/24/2013 Party(s): MAINEGENERAL HEALTH
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 07/22/2013
Defendant's Attorney: KATHARINE I RAND
RE: INTERROGATORIES OR REQUESTS FOR PRODUCTION OF DOCUMENTS SERVED 6/12/13.

08/14/2013 HEARING - 26(G) CONFERENCE SCHEDULED FOR 08/19/2013 at 11:00 a.m. in Room No. 2
M MICHAELA MURPHY , JUSTICE
NOTICE TO PARTIES/COUNSEL

08/14/2013 HEARING - 26(G) CONFERENCE NOTICE SENT ON 08/14/2013

08/20/2013 HEARING - 26(G) CONFERENCE HELD ON 08/19/2013
NANCY MILLS , JUSTICE
Defendant's Attorney: KATHARINE I RAND
Plaintiff's Attorney: ARTHUR GREIF

08/20/2013 ORDER - 26(G) ORDER ENTERED ON 08/19/2013

M MICHAELA MURPHY , JUSTICE
DEFT HAS UNTIL 8/23/13 TO FILE MOTION.  PLTF HAS UNTIL 8/30/13 TO FILE RESPONSE.
COPY TO ATTYS GREIF AND RAND


08/29/2013 Party(s):  MAINEGENERAL HEALTH
MOTION - MOTION TO COMPEL FILED WITH AFFIDAVIT ON 08/23/2013
Defendant's Attorney: KATHARINE I RAND
DEFT'S MOTION TO COMPEL DISCOVERY RESPONSES

9/12/13-ORDER, MURPHY. J -

RULING DEFERRED PENDING RECEIPT OF REQUESTED DOCUMENTS.


09/03/2013 Party(s):  KELLEY MALONEY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 09/03/2013
Plaintiff's Attorney:  ARTHUR GREIF
PLTF'S MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO COMPEL DISCOVERY


09/06/2013 Party(s):  MAINEGENERAL HEALTH
OTHER FILING - REPLY MEMORANDUM FILED ON 09/05/2013
Defendant's Attorney: KATHARINE I RAND
DEFT'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES


09/12/2013 ORDER - COURT ORDER ENTERED ON 09/12/2013
M MICHAELA MURPHY , JUSTICE
THE COURT WILL DEFER RULING ON THIS MOTION UNTIL RECEIPT BY THE COURT OF  THE
FOLLOWING:1.SUPPLEMENTAL AFFIDAVIT FROM DR. THEM REGARDING RELATIONSHIP, IF ANY, BETWEEN
"ANXIETY OR STRESS OR ASTHMA." (PG 2 OF DEFT'S REPLY); & 2.AFFIDAVIT FROM PLAINTIFF OR
PLAINTIFFS COUNSEL DETAILING WHAT "EMOTIONAL DISTRESS" DAMAGE SHE IS SEEKING. PLAINTIFFS
COMPLAINT DOES NOT USE THIS   TERMINOLIOGY. AFFIDAVIT SHOULD ALSO INDICATE WHETHER
PLAINTIFF SEEKS TO   CALL A MENTAL HEALTH PROVIDER OR OTHER EXPERT  IN SUPPORT OF HER
DAMAGES CLAIM, OR WHETHER SHE WILL CLAIM OR "PRESENT EVIDENCEOF A PARTICULARIZED EMOTIONAL
OF PSYCHOLOGICAL DISORDER CAUSED BY (DEFT)..." OR WHETHER SHE IS TREATING WITH OR SEEING A
"MENTAL HEALTH CARE PROVIDER" AS A   RESULT OF THE DEFENDANTS CONDUCT. SEE MORRISSETTE V.
KENNEBEC COUNTY, 2001 U.S.DIST. LEXIS 13309, 2001 WL 969014 (D.ME.AUG.21,2001). THE ABOVE
REFERENCED   AFFIDAVITS MUST BE FILED WITH THIS COURT BY 9/30/13.
THE ENTRY WILL BE: ORDER ON MOTION IS DEFERRED UNTIL RECEIPT OF THIS
INFORMATION.


09/24/2013 Party(s):  MAINEGENERAL HEALTH
OTHER FILING - AFFIDAVIT FILED ON 09/24/2013
Defendant's Attorney: KATHARINE I RAND
OF DR. THEODORE THEM


10/02/2013 ORDER - ORDER FAIL FILE ADR REPORT ENTERED ON 09/30/2013
M MICHAELA MURPHY , JUSTICE
PLTF HAS UNTIL 10/22/13 TO COMPLY WITH ADR NOTIFICATION RULES.          COPIES TO
PARTIES/COUNSEL


10/03/2013 Party(s):  KELLEY MALONEY
OTHER FILING - AFFIDAVIT FILED ON 09/26/2013
Plaintiff's Attorney:  ARTHUR GREIF
OF ARTHUR GREIF


10/09/2013 Party(s):  KELLEY MALONEY

MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/09/2013
Plaintiff's Attorney: ARTHUR GREIF
PLTF'S CONSENT MOTION TO ENLARGE ADR AND JURY TRIAL DEADLINES

10/12/2013 Party(s): KELLEY MALONEY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/10/2013
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                    ADR DEADLINE
12/1/13.  JURY DEMANDS-PLTF 12/11, DEFT 12/21.

10/16/2013 Party(s): MAINEGENERAL HEALTH
MOTION - MOTION TO COMPEL GRANTED ON 10/15/2013
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                  PLTF IS ORDERED
TO PROVIDE A FULL AND COMPLETE RESPONSE TO DEFT'S 2ND SET OF INTERROGATORIES, NOS. 1 AND
2; PROVIDE A FULL AND COMPLETE RESPONSE TO DEFT'S 2ND REQUEST FOR PRODUCTION OF DOCUMENTS
NO. 1; AND A FULL AND COMPLETE RESPONSE TO DEFT'S 1ST REQUEST FOR PRODUCTION OF DOCUMENTS
NO. 15.

10/16/2013 Party(s): KELLEY MALONEY
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 10/15/2013
Plaintiff's Attorney: ARTHUR GREIF
MEDIATION 11/5/13 WITH PHILLIP JOHNSON

11/05/2013 Party(s): MAINEGENERAL HEALTH
MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 11/04/2013
Defendant's Attorney: KATHARINE I RAND
W/STATEMENT OF MATERIAL FACTS, 2ND AFFIDAVIT OF KATHARINE RAND, 2ND AFFIDAVIT OF DR.
THEODORE THEM, AFFIDAVIT OF KATEN GALLUP, AFFIDAVIT OF GAIL LABBE, AFFIDAVIT OF ANGELA
MOORE, DEPOSITION OF KELLEY MALONEY 4/29/13, DEPOSITION OF DANIEL GOTT 6/18/13

11/08/2013 ORDER - REPORT OF ADR CONF/ORDER FILED ON 11/06/2013
M MICHAELA MURPHY , JUSTICE

11/08/2013 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 11/05/2013

11/08/2013 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 11/08/2013
M MICHAELA MURPHY , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

11/14/2013 Party(s): MAINEGENERAL HEALTH
OTHER FILING - AFFIDAVIT FILED ON 11/14/2013
Defendant's Attorney: KATHARINE I RAND
AFFIDAVIT OF ANGELA MOORE

11/20/2013 Party(s): MAINEGENERAL HEALTH
OTHER FILING - AFFIDAVIT FILED ON 11/14/2013
Defendant's Attorney: KATHARINE I RAND
OF ANGELA MOORE (PHOTOCOPY, WITH MISSING PAGE 2 FROM AFFIDAVIT PREVIOSLY FILED)

11/21/2013 Party(s): MAINEGENERAL HEALTH
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/21/2013

Defendant's Attorney: KATHARINE I RAND
JOINT MOTION TO ENLARGE DEADLINES FOR OPPOSITION AND REPLY IN CONNECTION WITH DEFT'S
MOTION SJ

11/24/2013 Party(s): MAINEGENERAL HEALTH
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/21/2013
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                          PLTF'S
OPPOSITION DUE 12/9/13, DEFT'S REPLY DUE 12/23/13.

12/11/2013 Party(s): KELLEY MALONEY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/09/2013
Plaintiff's Attorney: ARTHUR GREIF
PLTF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFT'S MOTION SJ, STATEMENT OF UNDISPUTED
MATERIAL FACTS AND STATEMENT OF ADDITIONAL FACTS, AFFIDAVIT OF KELLEY MALONEY, PLTF'S
ANSWERS TO DEFT'S 1ST SET OF INTERROGATORIES, EXHIBIT 4, EXHIBIT 6.

12/11/2013 Party(s): KELLEY MALONEY
MOTION - MOTION IN LIMINE FILED ON 12/09/2013
Plaintiff's Attorney: JULIE FARR
PLTF'S, TO EXCLUDE EXPERT TESTIMONY OF DR. THEODORE THEM

12/18/2013 Party(s): KELLEY MALONEY
JURY FILING - DEMAND FOR JURY TRIAL FILED ON 12/11/2013
Plaintiff's Attorney: ARTHUR GREIF

12/18/2013 Party(s): MAINEGENERAL HEALTH
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/13/2013
Defendant's Attorney: KATHARINE I RAND
FOR REPLY RE: MOTION SJ

12/24/2013 Party(s): MAINEGENERAL HEALTH
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/20/2013
M MICHAELA MURPHY , JUSTICE
COPIES TO PARTIES/COUNSEL                                       REPLY TO MOTION
SJ AND OPPOSITION TO MOTION TO EXCLUDE EXPERT TESTIMONY ENLARGED TO 1/3/14.

12/24/2013 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 02/05/2014 at 09:30 a.m.  in Room No.  2
M MICHAELA MURPHY , JUSTICE

12/24/2013 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 12/24/2013

01/07/2014 Party(s): MAINEGENERAL HEALTH
OTHER FILING - REPLY MEMORANDUM FILED ON 01/03/2014
Defendant's Attorney: KATHARINE I RAND
REPLY IN SUPPORT OF DEFT'S MOTION SJ; DEFT'S RESPONSES TO PLTF'S OBJECTION TO DEFT'S
STATEMENT OF MATERIAL FACTS AND PLTF'S STATEMENT OF ADDITIONAL FACTS; THIRD AFFIDAVIT OF
DR. THEODORE THEM; AFFIDAVIT OF LINDA HICHBORN.

01/07/2014 Party(s): MAINEGENERAL HEALTH
OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/03/2014
Defendant's Attorney: KATHARINE I RAND
DEFT'S OPPOSITION TO PLTF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF DR. THEM.

01/24/2014 Party(s): KELLEY MALONEY
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/13/2014
          Plaintiff's Attorney: ARTHUR GREIF
          PLTF'S CONSENT MOTION TO ENLARGE (TO FILE REPLY IN SUPPORT OF MOTION IN LIMINE)

01/24/2014 Party(s): KELLEY MALONEY
          OTHER FILING - REPLY MEMORANDUM FILED ON 01/15/2014
          Plaintiff's Attorney: ARTHUR GREIF
          PLTF'S RESPONSE TO EVIDENTIARY OBJECTION RE: STATEMENT OF ADDITIONAL MATERIAL FACTS

01/24/2014 Party(s): KELLEY MALONEY
          OTHER FILING - REPLY MEMORANDUM FILED ON 01/15/2014
          Plaintiff's Attorney: ARTHUR GREIF
          PLTF'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF DR. THEM

01/24/2014 Party(s): KELLEY MALONEY
          OTHER FILING - AFFIDAVIT FILED ON 01/16/2014
          Plaintiff's Attorney: KATHARINE I RAND
          AFFIDAVIT OF LINDA HICHBORN W/ EXHIBIT A

01/30/2014 Party(s): KELLEY MALONEY
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/29/2014
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL                                          PLTF GIVEN
          UNTIL 1/14/14 TO FILE REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

02/04/2014 HEARING - MOTION SUMMARY JUDGMENT CONTINUED ON 02/04/2014

02/04/2014 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 02/06/2014 at 09:30 a.m.  in Room No.  2
          M MICHAELA MURPHY , JUSTICE

02/04/2014 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 02/04/2014
          EMAILED TO ATTYS

02/06/2014 HEARING - MOTION SUMMARY JUDGMENT HELD ON 02/06/2014
          M MICHAELA MURPHY , JUSTICE
          Defendant's Attorney: KATHARINE I RAND
          Plaintiff's Attorney: JULIE FARR
          TAPE 1821, INDEX 1113-1625

02/06/2014 CASE STATUS - DECISION UNDER ADVISEMENT ON 02/06/2014
          M MICHAELA MURPHY , JUSTICE
          MOTION SJ

02/12/2014 CASE STATUS - CASE FILE LOCATION ON 02/12/2014
          TO LAW CLERK KIMBERLY PATWARDHAN IN CUMBERLAND

02/24/2014 CASE STATUS - CASE FILE RETURNED ON 02/24/2014

02/24/2014 Party(s): MAINEGENERAL HEALTH
          MOTION - MOTION SUMMARY JUDGMENT DENIED ON 02/18/2014
          M MICHAELA MURPHY , JUSTICE

COPIES TO PARTIES/COUNSEL                                    COPY TO
REPOSITORIES


A TRUE COPY
ATTEST: _____
                    Clerk